Estate of Aylward: The State, Appellant, vs. Aylward, Administrator, Respondent.

*June 5—June 24, 1929.*

348

For the appellant there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, *George D. Spohn,* inheritance tax counsel, and *S. J. Luchsinger* of Oshkosh, public administrator of Winnebago county, and oral argument by *Mr. Bump.*

For the respondent there was a brief by *Velte & Molzow* of Neenah, attorneys, and *John Harrington* of Oshkosh, of counsel, and oral argument by *Mr. Harrington* and *Mr. C. H. Velte.*

STEVENS, J.   The court granted the application for rehearing under the assumption that such power was conferred by sec. 324.05 of the Statutes, which provides that "If any person aggrieved by any act of the county court shall, from any cause without fault on his part, have omitted to take his appeal according to law the county court . . . may . . . allow an appeal to be taken and prosecuted in like manner and with the same effect as though done seasonably," provided such application is made "within one year after the act complained of."   This section is a part of the general chapter on appeals from county courts and applies to all judgments and orders of such courts. ·

On the other hand, sub. (11) of sec. 72.15 is confined in its application strictly to rehearings in inheritance tax matters in the county court, which is the precise situation pre-

sented by the application in this case. It provides that the application for rehearing must be made "within sixty days from the fixing, assessing, and determination of the tax by the county court."

It would be entirely clear from a reading of these two statutes that the only power possessed by the court to order a rehearing of the determination of an inheritance tax is that conferred by sub. (11) of sec. 72.15 of the Statutes, were it not for the fact that the legislature in 1921 added to sec. 324.05 of the Statutes the provision that "the county court may in its discretion reopen the case and grant a retrial of the matter complained of." But this addition does not change the fact that sec. 324.05 is a statute relating to appeals generally, while sub. (11) of sec. 72.15 is a provision which applies to nothing but inheritance tax hearings.

These two sections were considered in *Estate of Cudahy,* 196 Wis. 260, 262, 219 N. W. 203, where the court said that sub. (11) of sec. 72.15 of the Statutes "is a statute dealing specifically with the question of rehearing in the matter of the determination of the inheritance tax. By the application of familiar rules of statutory construction, it would seem that this statute would govern and prevail over any other general statute authorizing rehearings by the county court." The court did not there definitely determine the question, however, because the application was made after both the sixty-day and the one-year period had expired, so that there was no power to grant relief under either statute. The court is satisfied that the proper construction was given these statutes in that decision and that it should be held that applications for rehearings in inheritance tax matters must be made within sixty days, as provided by sub. (11) of sec. 72.15. This conclusion is in accord with the legislative purpose, as expressed in secs. 270.49 and 274.01, which limits the granting of new trials in circuit courts to sixty days, but allows one year in which to take an appeal.

Sec. 72.08 of the Statutes conferred no power upon the

county court to grant the order here in question. That section relates wholly to refunds in inheritance taxes from the state treasury. The "application" there referred to is an application for such refund after the court has determined that it should be made. All that was said in *Beck v. State,* 196 Wis. 242, 245, 219 N. W. 197, was in recognition of the undoubted right to appeal from an order or judgment of the county court fixing the amount of an inheritance tax. That decision does not refer to the right to a rehearing in county court, which is the only question presented upon this appeal.

The order granting a retrial of the determination of the amount of the inheritance tax is reversed, and the cause is remanded with directions to dismiss the petition.

*By the Court.*—So ordered.