WILL OF VOLKERING : OAK GROVE CEMETERY ASSOCIATION and others, Appellants, vs. DEPARTMENT OF TAXATION, Respondent. [Two cases.]

*June 8—July 1, 1948.*

188

For the appellants there were briefs by *Henry C. Oakey* of Osceola, and *Morris E. Yager* of Frederic, and oral argument by *Mr. Oakey.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

FAIRCHILD, J.   The conclusions reached below are according to the statutes applicable to the facts involved.   The authorities responsible for administering the law with relation to taxation are required by sec. 72.01, Stats. 1945, to impose a tax upon any transfer of property or any interest therein, "in trust or otherwise," unless the transfer is to "county, town or municipal corporations within the state, for strictly county, town or municipal purposes," or unless the transfer is to "corporations of this state organized under

its laws or voluntary associations organized solely for religious, charitable or educational purposes, . . . which shall use the property so transferred exclusively for the purposes of their organization. . . ."

If sec. 72.01, Stats. 1945, were the only statute applicable, the transfer to the trustees would unquestionably be taxable. However, the transfer is to be considered in the light of secs. 318.01 (4), 72.04 (1), and 72.04 (7), Stats. 1945.

Sec. 318.01 (4), Stats., provides that a reasonable sum may be expended by the executor or administrator for a tombstone or marker for the decedent's grave. That sum is to be classed as a funeral expense, and would therefore not be property subject to an inheritance tax. In the present case, however, a $3,000 monument had already been erected on decedent's burial lot. Clearly, a transfer to trustees of sums necessary to erect a $20,000 memorial is not authorized as a funeral expense by sec. 318.01 (4).

If the transfer to the trustees is to be exempt at all, it must be under sec. 72.04 (1), Stats., which provides that property transferred to individuals as trustees, "in trust exclusively for public, religious, humane, charitable, educational or municipal purposes in this state, . . . shall be exempt. . . ." Under this section, considered alone, it might seem that the transfer to the trustees, including the bequest eventually to be paid to the Oak Grove Cemetery Association, could be exempt if all or any of its separable purposes could be interpreted to be charitable.

However, it is especially sec. 72.04 (7), Stats. 1945, which controls the result in this case. It precludes any interpretation which might bring appellants within other statutes, including sec. 157.11 (9) (g), relating to charitable associations. It specifically provides, "Bequests not to exceed five hundred dollars for the care and maintenance of the burial lot of the deceased and bequests not to exceed five hundred dollars to the cemetery in which the said deceased is buried, and

bequests not to exceed one thousand dollars for the performance of a religious purpose or religious service for or in behalf of the deceased or for or in behalf of any person named in his will, shall be exempt from any inheritance tax." See *Matter of Cohen,* 270 N. Y. 383, 1 N. E. (2d) 474.

The basis of the tax to be imposed is the clear market value, and the rates are prescribed in sec. 72.02, Stats. 1945. There is no claim of an excess assessment in these proceedings if there is no exemption. The transfer is a transfer of property taxable under our statutes. The tax was properly assessed separately on that portion of the total transfer which was for the benefit of named beneficiaries, including appellant Oak Grove Cemetery Association. The rest of the transfer, there being no identifiable beneficiaries, is taxable to the trustees. Method and doctrine are considered in *Will of Koch* (1936), 222 Wis. 6, 267 N. W. 320; *Estate of Price* (1927), 192 Wis. 580, 213 N. W. 477.

It is considered that the inheritance tax fixed by the order of the county court was correctly arrived at and must be affirmed.

*By the Court.*—Order affirmed.

MARTIN, J., took no part.