ESTATE OF MILLER: STATE, Appellant, vs. NAZE and another, Respondents.

*April 9—May 6, 1952.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

*George F. Miller* of Algoma, for the respondents.

MARTIN, J. The language of sec. 72.04 (7), Stats., is plain and unambiguous. It is a specific statute granting the privilege of exemption from inheritance taxation in the case

of bequests "for the performance of a religious purpose or religious service for or in behalf of the deceased or for or in behalf of any person named in his will," and limits such exemption to the sum of $1,000. A Mass is clearly the performance of a "religious purpose or religious service for or in behalf of" the persons designated in such a bequest. If the language of the statute does not mean that Masses are included within its provisions, it does not mean anything. The words used describe such bequests in only one regard—their purpose. They place no other qualification on them. It makes no difference whether they are made to persons, corporations, or voluntary associations, whether the recipients of the funds are within or without the state, or whether the property bequeathed is used within or without the state.

On the other hand, sec. 72.01 is a general statute excepting all bequests for religious or charitable purposes from taxation, providing they are made to Wisconsin corporations or Wisconsin voluntary associations organized for such purposes, which shall use the property exclusively within this state. The determining factor there is the nature or character of the beneficiary. Nothing in the language of sec. 72.01 can be said to be descriptive of bequests for Masses, and the section, by its terms, would not cover bequests for such purposes made to individuals.

Even assuming that these bequests come within the provisions of both statutes, it follows that the application of sec. 72.01 is general, whereas sec. 72.04 (7) deals with them specifically. Such circumstances would bring into effect the well-established rule that when both a general statute and a specific statute relate to the same subject matter, the specific statute is controlling. See *Estate of Aylward* (1929), 199 Wis. 347, 226 N. W. 311.

These same statutes were involved in *Will of Volkering* (1948), 253 Wis. 186, 190, 33 N. W. (2d) 263. The bequest was to a cemetery association (also specifically dealt

with in sec. 72.04 (7), Stats.), and the court held that sec. 72.04 (7) was controlling and precluded "any interpretation which might bring appellants within other statutes, . . . relating to charitable associations."

Respondents attempt to bring the bequests under the exception of sec. 72.01, Stats., by citing *Will of Kavanaugh* (1910), 143 Wis. 90, 126 N. W. 672, to the proposition that although Masses may be intended to benefit the souls of certain deceased individuals, they inure to the benefit of all mankind and therefore come within the designation of a public charity. We do not disagree with that, but it must be noted that the case was decided prior to the enactment of sec. 72.04 (7), which now subjects to taxation bequests for the "performance of a religious purpose or religious service for or in behalf of the deceased, etc.," but grants the privilege of exemption up to $1,000.

It is further urged by respondents that if sec. 72.04 (7), Stats., is held to subject bequests for "the performance of a religious purpose" to inheritance taxation in so far as they may exceed $1,000, it could be argued that any transfer for a religious purpose in excess of that amount, including bequests for the construction of churches and the like, would be taxable. This argument ignores the qualifying phraseology of the statute which requires that the performance of such purposes or services shall be "for or in behalf of the deceased or for or in behalf of any person named in his will."

*By the Court.*—Order reversed and cause remanded with directions to enter an order determining inheritance tax in accordance with this opinion.