ESTATE OF KIRSH: STATE, Appellant, vs. OLD NATIONAL
BANK OF BEAVER DAM, Executor, Respondent.*

*January 13—February 8, 1955.*

* Motion for rehearing denied, without costs, on April 5, 1955.

34

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there were briefs by *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck.*

MARTIN, J. The county court looked to sec. 72.15 (11), Stats., to determine its jurisdiction in this matter. That statute provides:

"The attorney general, department of taxation, public administrator, district attorney, or any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the county court within sixty days from the fixing, assessing, and determination of the tax by the county court as herein provided on filing a written notice which shall state the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearings as herein provided and a new trial shall not be had or granted unless specially ordered by the county court."

Because more than sixty days had elapsed since the determination of the tax, the court held it was without jurisdiction.

It is appellant's contention that what is here involved is the taxability of property omitted from the determination of February 15, 1954, and that sec. 72.15 (11), Stats., permitting a "rehearing" is not intended to cover anything which had not been determined.

While testimony taken at the June 3d hearing shows that decedent made certain gifts to his sons during his lifetime which were not included in the inventory and the status of which was not considered in determining the inheritance tax, we think it unnecessarily technical to say that the taxability of such property cannot be determined on a rehearing under the statute. What the county court is required to do under ch. 72, Stats., is determine the value of an estate which is taxable under the inheritance-tax laws. If on the original hearing the value of an estate for tax purposes has been erroneously determined, sec. 72.15 (11), Stats., permits a rehearing, and we cannot see that it makes any difference whether such erroneous determination has been brought about by the omission of property or otherwise.

Primarily it is appellant's position that the county court has full jurisdiction in this matter under sec. 72.12 (1), Stats., which provides:

"The county court of every county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with any tax under the inheritance-tax laws, or to appoint a trustee of such estate or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine all questions arising under the provisions of the inheritance-tax laws and to do any act in relation thereto authorized by law to be done by a county court in other matters or proceedings coming within its jurisdiction; . . ."

This is a general statute conferring jurisdiction on the county court in the determination of "questions arising under

the provisions of the inheritance-tax laws." To agree with appellant that this section prevails here would be to ignore the long-established rule that when both a general statute and a specific statute relate to the same subject matter, the specific statute controls. *Estate of Aylward* (1929), 199 Wis. 347, 226 N. W. 311; *Estate of Miller* (1952), 261 Wis. 534, 53 N. W. (2d) 172. Respondent suggests that sec. 324.05, Stats., relating generally to appeals and rehearings in county courts and permitting a retrial "within one year after the act complained of," is available to the appellant, but the same rule applies to that section. See *Estate of Aylward, supra.*

The specific procedure outlined by the legislature makes available to the appellant the review provided for by sec. 72.15 (12), Stats., which provides, so far as material:

"Within two years after the entry of an order or decree of the county court, determining the value of an estate and assessing the tax thereon, the attorney general may, if he believes that such appraisal, assessment, or determination has been fraudulently, collusively, or erroneously made, make application to the circuit judge of the judicial circuit in which the former owner of such estate resided, for a reappraisal thereof. The circuit judge to whom such application is made may thereupon appoint a competent person to reappraise such estate. . . . The report of such appraiser shall be filed in the circuit court, and thereafter the same proceedings shall be taken and had by and before such circuit court as herein provided to be taken and had by and before the county court. The determination and assessment of such circuit court shall supersede the determination and assessment of the county court, . . ."

Two years have not yet passed since February 15, 1954, and the appellant has all the information it requires to apply to the circuit court under this statute for a redetermination of the value of the estate.

Some argument is made by the appellant, based upon New York cases holding that the state may institute new proceed-

ings *at any time* for the recovery of taxes that may be due on property which has never had its day in court. It is not necessary to go that far in this case. The property here involved may still have its day in court if application therefor is made under sec. 72.15 (12), Stats.

*By the Court.*—Order affirmed.

The following opinion was filed April 5, 1955:

PER CURIAM (*on motion for rehearing*). It is apparent from the brief filed in behalf of the state in support of its motion for rehearing that it has misconceived the effect of our original opinion herein. Examples are cited of where stock certificates or bank deposits of a deceased have first come to light years after the estate has been closed, and it is inferred that our original opinion would bar the imposition of inheritance tax on such assets.

In such a situation good title would not pass to such after-discovered assets without the same being subjected to probate in the estate of the deceased and an inheritance tax imposed thereon. The state would have the same right as would any other creditor to apply for the reopening of the estate to accomplish such purpose. In the instant case title to the gifts to the sons had passed out of the deceased in his lifetime and were not subject to probate except that the value thereof may have been subject to be included in the inheritance-tax determination.

The motion for rehearing is denied without costs.