PRUITT, Plaintiff in error, v. STATE, Defendant in error.

*February 9—March 9, 1962.*

For the plaintiff in error there was a brief by *Wilkie, Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Donald S. Eisenberg*.

For the defendant in error the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief were *John W. Reynolds*, attorney general, *William D. Byrne*, district attorney of Dane county, and *William F. Lorenz, Jr.*, deputy district attorney.

HALLOWS, J. The question is: Can a person convicted of a misdemeanor under sec. 943.24, Stats., be sentenced to the state prison? The plaintiff in error argues he cannot be so sentenced because only felonies are punishable by imprisonment in the state prison and the statutory definition of a misdemeanor, as well as the case law of this state, requires imprisonment for a misdemeanor to be served in the county jail. Sec. 943.24 (1),[1] creating the crime of writing a worthless check, specifically designates it a misdemeanor and

---

[1] "943.24 ISSUE OF WORTHLESS CHECK. (1) Whoever issues any check or other order for the payment of money which, at the time of issuance, he intends shall not be paid is guilty of a misdemeanor and may be fined not more than $1,000 or imprisoned not more than one year or both."

provides for a fine of not more than $1,000 or imprisonment of not more than one year or both. The place of imprisonment is. not stated.

Reliance by the plaintiff in error is placed on *Veley v. State* (1927), 194 Wis. 408, 216 N. W. 522, and *Grimes v. State* (1940), 236 Wis. 31, 293 N. W. 925. Both these cases involved old sec. 343.401, Stats., which was substantially the same as the present provisions of sec. 943.24. In both cases, the defendant was sentenced to one year in the state prison on the conviction of writing worthless checks, and in both cases the judgment was reversed with directions to resentence the defendant. In reaching this result, the court relied on old sec. 353.27, now sec. 939.61, which provided that whenever a person was convicted of a crime for which no penalty was expressed, he could be fined not more than $250 or imprisoned not more than one year in the county jail. It is doubtful whether this section was applicable because old sec. 343.401 expressly provided for a penalty but merely was silent as to the place of imprisonment.

Aside from the correctness of these decisions, they are not controlling, and this court should not now follow their reasoning and apply sec. 939.61, Stats., to the facts before us. Such section has no applicability in view of the enactment of sec. 959.044 [2] by ch. 154, Laws of 1945. This section provides that a sentence of one year may be either to the

[2] "959.044 PLACE OF IMPRISONMENT WHEN NONE EXPRESSED. When a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, (a) a sentence of less than one year shall be to the county jail, (b) a sentence of more than one year shall be to the state prison and the minimum under the indeterminate-sentence law shall be one year, and (c) a sentence of one year may be to either the state prison or the county jail. But in any proper case sentence and commitment may nevertheless be to the state reformatory, the Wisconsin home for women, the state department of public welfare or any house of correction or other institution, as provided by law."

state prison or to the county jail. Construing this section with sec. 943.24, under which the plaintiff in error was found guilty, he could be committed to serve his one-year sentence either in the state prison or in the county jail.

However, the plaintiff in error strenuously argues such a construction cannot be made in view of sec. 939.60, Stats., which provides:

"A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor."

From this definition, the plaintiff in error argues the implication is plain that one convicted of a misdemeanor cannot be sentenced to prison but must be sentenced to county jail. The definition distinguishes felonies from misdemeanors on the basis of punishability, but does not necessarily control or determine the place where the actual confinement is to be served. A felony carries the potential of imprisonment in prison. However, one convicted of a felony who is sentenced to less than one year may be confined in the county jail without changing the nature of the crime to that of a misdemeanor.

Likewise, one may serve a sentence for a misdemeanor in a prison without changing the nature of the crime from a misdemeanor to a felony. The Wisconsin home for women and the Wisconsin state reformatory are state prisons, sec. 53.01, Stats., and under some circumstances a male person may be sentenced to the state reformatory if convicted of a misdemeanor punishable by imprisonment in the county jail or house of correction for one year or more, and a female person under some conditions may be sentenced to the Wisconsin home for women if convicted for a misdemeanor for which the maximum penalty is imprisonment for six months or more. Sec. 959.045.

The conflict in this case arises from the general language defining felonies and misdemeanors in sec. 939.60, Stats.,

when considered with the language of the worthless-check statute, sec. 943.24 (1), which, although expressly designating the crime a misdemeanor, provides a punishment which would constitute the crime a felony by reference to sec. 959.044. When the statute creating the crime does not designate the place of imprisonment, resort may be had to sec. 959.044. There are several examples in the Criminal Code of crimes being created where no place of imprisonment is stated and the punishment may be not more than one year. See secs. 942.01 (1), 943.21, 943.31, 944.30. In these cases, resort must be had to sec. 959.044 to determine whether it is a felony and since, under that section, the crime may be punishable by imprisonment in state prison although the actual sentence may be served in the county jail, such crimes are felonies. However, when like or similar penalties were provided for crimes which the legislature did not intend to be a felony, the place of imprisonment was expressly stated to be the county jail. See, for example, secs. 940.08, 940.29, 941.13, 941.22 (1), 941.23, 941.24 (1), 942.02 (1), and 943.11. However, in dealing with the crime of a worthless check, the legislature did not state the imprisonment should be served in the county jail and provided specifically the crime was a misdemeanor. We conclude, therefore, the legislature intended the punishment of such misdemeanor, when the sentence is for one year, may, in the discretion of the court, be served either in the state prison or in the county jail.

This interpretation gives effect to the various sections of the Criminal Code. Statutes must be construed together and harmonized. The general statutory rule of construction is when a specific statute and a general statute relate to the same subject matter, the specific statute controls. *Estate of Miller* (1952), 261 Wis. 534, 53 N. W. (2d) 172; *Estate of Kirsh* (1955), 269 Wis. 32, 68 N. W. (2d) 455, 69 N. W. (2d) 495; *Maier v. Racine County* (1957), 1 Wis.

(2d) 384, 84 N. W. (2d) 76. Sec. 939.60, Stats., must be considered as a general statute defining felonies and misdemeanors, but not applicable to a specific case when the crime is expressly designated to be a misdemeanor. We take judicial notice of the note in the 1953 Criminal Code Bill No. 100, A., page 48, which proposed sec. 339.60, which is identical with sec. 939.60 adopted in 1955, stating the general definition was inapplicable in the unusual case where a crime is specifically denominated either felony or misdemeanor.

*By the Court.*—Judgment and sentence affirmed.

DIETERICH, J. (*dissenting*). I disagree with the majority opinion that the legislature intended that the punishment of a misdemeanor, when the sentence is for one year, may in the discretion of the court be served in either the state prison or in the county jail.

There is no need to look behind the words of applicable statutes for legislative intent where such statutes are, as here, clear and unambiguous. "A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor." Sec. 939.60, Stats. The majority opinion states that this definition distinguishes felonies from misdemeanors on the basis of punishability, but does not necessarily control or determine the place where the actual confinement is to be served. The majority opinion continues by saying that "a felony carries the potential of imprisonment in prison." With this I agree, however, it should also be stated as a corollary that a misdemeanor does not carry the potential of imprisonment in the state prison.[1] The only

---

[1] "53.01 NAMES OF PRISONS. The penitentiary at Waupun is named 'Wisconsin State Prison,' the medium security penitentiary near Fox Lake is named 'Wisconsin Correctional Institution,' the penitentiary at Taycheedah is named 'Wisconsin Home for Women,' the penitentiary at Green Bay is named 'Wisconsin State Reformatory.' The institutions named in this section are state prisons."

exceptions to this corollary are those grounded in public policy, which are enumerated in sec. 959.045.[2]

Defendant was convicted for issuing a worthless check under sec. 943.24, Stats., which provides that such crime is a misdemeanor. Punishment is by fine of not more than $1,000 or imprisonment of not more than one year or both. The place of imprisonment is not given, nor need it be. By definition a misdemeanor is not punishable by imprisonment in a state prison. Under the Wisconsin statutes the place of imprisonment is implicit in the word "misdemeanor." It is not necessary to read sec. 959.044 [3] together with other sections of the Criminal Code in order to determine where the defendant should serve his term where the crime is labeled a misdemeanor. Defendant does not fall within one of the specific exceptions provided by the legislature in sec. 959.045. Therefore, his sentence cannot be served in a state prison.

---

[2] "959.045 SENTENCE AND COMMITMENT. (1) Male persons not less than sixteen nor more than thirty years of age may be sentenced to the Wisconsin state reformatory if convicted of a felony (other than murder in the first or second degree) or a misdemeanor punishable by imprisonment in the county jail or house of correction for one year or more. . . .

"(4) A female person over eighteen years of age convicted of a misdemeanor for which the maximum penalty is imprisonment for six months or more may be sentenced to a term not less than six months in the Wisconsin home for women instead of the county jail if the department certifies to the court that it has adequate facilities at said home and is willing to accept such commitment."

[3] "959.044 . . . (b) a sentence of more than one year shall be to the state prison and the minimum under the indeterminate-sentence law shall be one year, and (c) a sentence of one year may be to either the state prison or the county jail. . . ."