ESTATE OF SYKES: GREENWOOD CEMETERY ASSOCIATION, Appellant, v. DEPARTMENT OF TAXATION, Respondent.

*March 4—March 30, 1965.*

212

For the appellant ·there was a brief by *Nowlan, Mouat, Lovejoy, McGuire & Wood* of Janesville, and oral argument by *Hiram M. Nowlan, Jr.*

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Harold H. Persons,* assistant attorney general, attorneys, and *Richard E. Williams,* inheritance tax counsel, of counsel.

WILKIE, J. The issue presented on this appeal is whether two bequests˙ to a Wisconsin voluntary cemetery association, one for the purpose of erecting and maintaining a chapel and also for providing space for the temporary storage of coffins, and the other for the purpose of erecting a chapel, maintaining that chapel, and for acquiring additional land for cemetery purposes, are wholly exempt from inheritance taxes.

"Taxation is the rule laid down, and exemption is the exception. Exemption does not exist unless the transfer comes strictly within the limits of the exception." [1]

Sec. 72.045 (4), Stats., exempts from inheritance taxation a bequest not to exceed $500 to the cemetery in which the decedent is buried.[2] It is undisputed, then, that $500 of the total bequest is exempt. Appellant submits, however, that since both bequests were for the purpose of constructing a chapel, sec. 72.04 (1), which exempts "[a]ll property transferred to . . . voluntary associations organized under the laws of this state, solely for religious . . . purposes, . . . shall be exempt . . ." is applicable.

Even if the bequests were destined solely for religious ends, this appeal is controlled by the ruling in *Will of Volkering.*[3] In *Volkering,* the decedent left $65,000 in trust with the income to be paid to his sisters during their lives.

[1] *Will of Chafin* (1933), 210 Wis. 675, 680, 247 N. W. 325.
[2] 72.045 (4) "Bequests not to exceed $500 for the care and maintenance of the burial lot of the deceased and bequests not to exceed $500 to the cemetery in which the said deceased is buried, . . ."
[3] (1948), 253 Wis. 186, 33 N. W. (2d) 263.

After their deaths, as much of the income as necessary was to be used to maintain the family burial lot with the balance accumulated to erect and maintain a $20,000 monument on the burial lot. Any excess income was to be paid to the cemetery association for improvement and beautification purposes. The case arose in 1945 and under sec. 72.01, Stats., of the then existing statutes, a tax was imposed on any transfers of property excepting, among others, transfers to "voluntary associations organized solely for religious, charitable or educational purposes." After stating that the bequest would clearly be taxable if sec. 72.01 was the only applicable statute, the court went on to discuss the effect of secs. 72.04 (1) and 72.04 (7), and said:

"If the transfer to the trustees is to be exempt at all, it must be under sec. 72.04 (1), Stats., which provides that property transferred to individuals as trustees, 'in trust exclusively for public, religious, humane, charitable, educational or municipal purposes in this state, . . . shall be exempt . . . .' Under this section, considered alone, it might seem that the transfer to the trustees, including the bequest eventually to be paid to the Oak Grove Cemetery Association, could be exempt if all or any of its separable purposes could be interpreted to be charitable.

"However, it is especially sec. 72.04 (7), Stats. 1945, which controls the result in this case. It precludes any interpretation which might bring appellants within other statutes, including sec. 157.11 (9) (g), relating to charitable associations. It specifically provides, 'Bequests not to exceed five hundred dollars for the care and maintenance of the burial lot of the deceased and bequests not to exceed five hundred dollars to the cemetery in which the said deceased is buried, and bequests not to exceed one thousand dollars for the performance of a religious purpose or religious service for or in behalf of the deceased or for or in behalf of any person named in his will, shall be exempt from any inheritance tax.' " [4]

---

[4] *Will of Volkering, supra,* footnote 3, at page 190.

*Volkering* was cited with approval in *Estate of Miller* [5] where the deceased left an amount exceeding the statutory limit for Masses for herself, husband, and deceased relatives. The court stated:

"Even assuming that these bequests come within the provisions of both statutes, it follows that the application of sec. 72.01 is general, whereas sec. 72.04 (7) deals with them specifically. Such circumstances would bring into effect the well-established rule that when both a general statute and a specific statute relate to the same subject matter, the specific statute is controlling. See *Estate of Aylward* (1929), 199 Wis. 347, 226 N. W. 311." [6]

In 1953 the inheritance-tax statutes were amended.[7] The exemption language was removed entirely from sec. 72.01, Stats., leaving just a broad command to tax any transfers. Changes were also made in sec. 72.04, the section providing for "exemptions." The old sec. 72.04 was altered by deleting from the introductory paragraph the reference to taking the exemption out of the first $25,000. The phrase "or voluntary associations" was added to sec. 72.04 (1). A new subsection, 72.045, was created to embrace those transfers to be taken out of the first $25,000. Several subsections of old sec. 72.04 were simply renumbered without substantive change so as to become subsections of the new 72.045. Sec. 72.04 (7), which was the controlling statute in *Volkering* and *Miller,* became sec. 72.045 (4).

Appellant argues that since the result in *Volkering* was reached only because sec. 72.04, Stats., contained both a specific and a general exemption provision, the removal of specific sub. (7) indicates that the legislature was attempting to limit the holding of *Volkering* and *Miller.* It is unrealistic to assume that the legislature would alter the

---

[5] (1952), 261 Wis. 534, 53 N. W. (2d) 172.
[6] Id. at page 536.
[7] Ch. 499, Laws of 1953.

clear and commanding rule of *Volkering* in such a subtle and sophisticated fashion. There is nothing in the legislative file on ch. 499 to indicate that the legislature had any intention to alter the rule of *Volkering*. Further, the presence of both provisions in one section is not necessary for the application of the specific-controls-general doctrine; the provisions can be in separate sections.[8]

Appellant also contends that retaining of exemptions which are public in character in sec. 72.04, Stats., while grouping exemptions to individual persons in a new section—72.045—indicates a legislative desire to treat devises to a cemetery association, which is public rather than personal, under sec. 72.04 (1). Not only does this argument ignore the rule that specific provisions in one section control similar general provisions in another section, but the basic premise that the statutes are now clearly divided into "public" and "personal" exemptions is fallacious. Sub. (4) of sec. 72.045—the so-called personal exemption section— deals specifically with devises directly to cemeteries rather than individuals. Thus, this provision can hardly be construed as involving bequests solely to persons or for the benefit of specified individuals.

That sec. 72.04 (1), Stats., was amended so as to exclude transfers to "voluntary associations" for religious, humane, charitable, or educational purposes does not mean that the legislature intended to allow unlimited gifts to cemetery associations. Pre-1953 secs. 72.01 and 72.04 (1) contained general exemption provisions which were substantially identical insofar as listing *organizations* to which tax free transfers could be made, except that sec. 72.01 exempted certain transfers made to voluntary associations which sec. 72.04 (1) did not. The effect of the 1953 amendment, which removed the exemption provision from sec. 72.01

---

[8] *E.g., Hite v. Keene* (1909), 137 Wis. 625, 119 N. W. 303.

but left intact the corresponding provision in sec. 72.04(1)—
although changing sec. 72.04 in other respects—was to make
the new sec. 72.04 (1) comparable to old sec. 72.01, except
as to voluntary associations. Thus, sec. 72.04 (1) had to
be amended to provide for exemptions to "voluntary associa-
tions" for specified purposes to keep in step with the prior
law.

A careful analysis of the 1953 legislation indicates, as
aptly put by the trial court, that the changes were made as a
matter of good housekeeping rather than to alter the
*Volkering* rule. Prior to 1953, all exemptions allowed under
the subsections of sec. 72.04, Stats., were to be taken out
of the first $25,000, although it was obvious that some of
the exemptions were unlimited in amount. For example,
a transfer in trust to any corporation, organization, associa-
tion, or foundation for the benefit of a municipal body was
fully exempt.[9] Other exemptions were limited in amount.
Thus it is apparent that sec. 72.04 contained an express
contradiction in terms. Sec. 72.045, relating to exemptions
to be taken from the first $25,000, was created and the
similar language was deleted from sec. 72.04. The sub-
sections of sec. 72.04, which dealt with partial exemptions,
were renumbered without substantive change as subsections
of sec. 72.045. The effect of the statutory revision, then, was
to separate the fully exempt from the partially exempt be-
quests. A relocating of sections and subsections within a
particular chapter, without substantive change, cannot be
interpreted as compelling a limitation on a rule clearly
promulgated in two cases.

Appellant next suggests that since the bequest for a monu-
ment in *Volkering* was not for a charitable or religious
purpose, the gift would not have been exempt regardless
of the existence of sec. 72.04 (7), Stats. 1945, and that,
therefore, the ruling of the case is not controlling because

---

[9] Sec. 72.04 (1a), Stats. 1945.

it is merely dictum. Actually, the bequest in that case was for a dual purpose: The monument and the beautification of the cemetery. After recognizing that the devise to the cemetery for general improvement could be exempt under sec. 72.04 (1), if this use could be interpreted as charitable, the court decided that the specific provisions of sec. 72.04 (7) controlled nonetheless. Thus the holding of *Volkering* is not dictum and that holding is controlling here.

Because of the decisive impact of *Volkering* on this appeal, it is not necessary for us to consider any further arguments pertaining to the alleged purpose of the association or of the bequests.

*By the Court.*—Order affirmed.