**Paul GOERGEN, Executor of the Estate of Paul Diederich, Deceased, Appellant,**

v.

**STATE TAX COMMISSION, State of Iowa, and Department of Revenue, W. H. Forst, Director of Revenue, as Successor to the State Tax Commission, Appellee.**

**No. 53344.**

Supreme Court of Iowa.

March 11, 1969.

Burton E. Parriott, Remsen, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellee.

LARSON, Justice.

The sole issue presented by this appeal is whether a bequest to a charitable institution as set out in section 450.4(2) for a purpose set forth in section 450.4(4) of the 1966 Code is subject to Iowa inheritance taxes on amounts in excess of five hundred dollars.

The plaintiff appellant is the executor of the estate of Paul Diederich, deceased, and the defendant appellee is the State Tax Commission, now the Department of Revenue. The Benedictine Sisters of Clyde, Missouri, intervenor, is a qualified religious institution. This action for declaratory relief, brought by the executor, asked the court to determine whether bequests under a will made to the Benedictine Sisters of Clyde, Missouri, and to St. Martins College of Olympia, Washington, are subject to the inheritance taxes pursuant to section 450.4(4) of the Code. The trial court held they were and denied appellant's motion for a new trial. He appeals. We affirm.

This matter was submitted on agreed facts as set out in a stipulation filed therein. It appears a real controversy existed involving more than $9,000. The pertinent portion of decedent's will provides:

"Paragraph 12. I will and devise and bequeath all the rest, residue and remainder of my estate, both real and personal, in three equal shares, as follows, to-wit:

"One share to Benedictine Sisters of Clyde, Missouri, for the purpose of masses to be read for the peaceful repose of my soul, one-half of such for high masses and one-half for low masses.·

"One share to St. Martins College of Olympia, Washington, for the purpose of masses to be read for the peaceful repose of the souls of my deceased parents, my brothers and sisters and nieces and nephews, both living and dead, one-half for high masses and one-half for low masses.

"One share to the Society for the Propagation of the Faith, 336 5th Ave., New York 12, New York."

Appellant contends these bequests made to religious institutions fall exclusively within the provisions of section 450.4(2), and appellee contends the first two bequests fall within the provisions of section 450.4(4) limiting the exemption when a bequest is made for the performance of a religious service or services.

The language of section 450.4 is plain and unambiguous. It provides in part:

"The tax imposed by this chapter [inheritance tax] shall not be collected: * * *

"2. When the property passes in any manner to societies, institutions or associations incorporated or organized under the laws of this state for charitable, educational, or religious purposes, and which are not operated for pecuniary profit, * * *; provided, however, that this exemption shall also include property passing to any society, institution or association incorporated or organized under the laws of any other state for charitable, educational .or religious purposes, and which are not operated for pecuniary profit * * *.

"4. Bequests for the care and maintenance of the cemetery or burial lot of the decedent or his family, and bequests not to exceed five hundred dollars in any estate of a decedent for the performance of a religious service or services by some person regularly ordained, authorized, or licensed by some religious society to perform such service, which service or services are to be performed for or in behalf of the testator or some person named in his last will. * * *"

The problem involves statutory intepretation. We first observe that subsection 2 appears to be a general provision and subsection 4 appears to be a specific provision granting the privilege of limited exemption from inheritance taxation in case of bequests "for the performance of a religious service" on behalf of the persons designated in the bequest. The exemption is predicated upon purpose. It makes no difference whether the bequest is made to persons, societies, institutions or associations, whether the recipients of the funds are within or without the state, or whether the recipients are or are not authorized themselves to perform the religious service designated as the purpose.

I. This matter of first impression in Iowa raises a question of whether subsections 2 and 4 of section 450.4 are in conflict or should be read together. Did the legislature intend to limit the tax exemption allowed in subsection 2 when the bequest is made for a specific purpose covered in subsection 4?

Appellant contends there is no conflict between these subsections and argues subsection 2 covers all property passing in any manner to societies, institutions or associations incorporated or organized under the laws of the state for any charitable, educational or religious purpose when not operated for profit, and that subsection 4 refers only to the performance of a religious service or services by some person regularly ordained, authorized or licensed to perform such service. He concedes the rule that, if a general statute is amended by a specific statute, or if a general statute, standing alone, would include the same matter as a special statute and thus conflict with it, the specific statute will prevail. He maintains the various provisions of an act or statute should be read so that all provisions may have their due and conjoint effect without repugnancy or inconsistency so as to render the statute a consistent and harmonious whole. It is his position here that, although two constructions of section 450.4 are possible, one of which creates a conflict and the other a harmonious provision, the latter should be adopted.

Appellant also relies upon the proposition that all statutes should be construed, if possible, by giving the provisions a fair and reasonable interpretation. He argues all laws are presumed to be consistent with each other in the absence of a showing to the contrary, that a construction which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act and will carry out the intent of the legislature.

Appellee does not find fault with these propositions, nor do we. Appellee does disagree with appellant's application of them here. It maintains that subsections 2 and 4 are not in conflict and that, when considered together, they are clear and consistent. It further contends, if they are considered inconsistent, the specific provisions in subsection 4 must control, that to construe these subsections as appellant asks would not conform with the clear legislative intent but would render the provision in subsection 4 meaningless, superfluous, and nonworkable.

The trial court in its ruling on the motion for a new trial and to enlarge findings concluded: "The bequests to the Benedictine Sisters of Clyde, Missouri, whose proper corporate name is Benedictine Convent of Perpetual Adoration,' and to St. Martin's College of Olympia, Washington would be entirely exempt from imposition of inheritance taxes under Section 450.4(2) of the Code of Iowa, 1966, if such bequests did not contain the direction, 'for the purpose of masses to be read for the peaceful repose of my soul * * *' and 'for the purpose of masses to be read for the peaceful repose of my deceased parents, my brothers and sisters and nieces and nephews, both living and dead * * *.'" It held the restricted purpose in the will placed the bequest within the exemption provisions of section 450.4(4). We agree.

II. It is a settled rule of statutory construction that in determining the meaning of a statute all provisions thereof and the Act of which it is a part must be considered. Horner v. State Board of Eng. Examiners, 253 Iowa 1, 8, 110 N.W.2d 371, 374; Consolidated Freightways Corp. of Delaware v. Nicholas, 258 Iowa 115, 121, 137 N.W.2d 900, 905; City of Nevada v. Slemmons, 244 Iowa 1068, 1071, 59 N.W.2d 793, 794, 43 A.L.R.2d 693, 696.

In the interpretation of a statute the legislature will be presumed to have inserted every part thereof for a purpose, and to have intended that every part of the statute should be carried into effect. 50 Am.Jur., Statutes, § 358; 82 C.J.S. Stat-

utes, § 316(b); Hartz v. Truckenmiller, 228 Iowa 819, 824, 293 N.W. 568, 571. Also see Rohlf v. Kasemeier, 140 Iowa 182, 186, 118 N.W. 276, 277, 23 L.R.A.,N.S., 1284.

■ A cardinal principle of statutory construction is that the legislative *intent* is to be gleaned from the whole statute or statutes relating to the matter, and not from any particular part, with due consideration for the object to be attained. City of Nevada v. Slemmons, supra; State of Iowa for use of Estherville v. Hanson, 210 Iowa 773, 231 N.W. 428; Davelaar v. Marion County, 224 Iowa 669, 277 N.W. 744.

It is often stated that in the construction of statutes courts start with the assumption that the legislature intended to enact an effective law and, if reasonably possible to do so without doing violence to the spirit and language of the Act, interpret the statute or the provisions thereof to give it efficient operation, and not to explain away or render meaningless or inoperative any provision thereof. 50 Am.Jur., Statutes, § 357. We said in Board of Directors of Menlo Consolidated School Dist. v. Blakesley, 240 Iowa 910, 918, 36 N.W.2d 751, 755; "* * * we should endeavor to construe our statutes so no part will be rendered superfluous * * *" and did construe two statutes so as to give effect to every provision thereof.

To say that all bequests to religious institutions are totally exempt from the Iowa inheritance tax, notwithstanding that such bequests are specified for the performance of a religious service by some person regularly ordained, authorized, or licensed by some religious society to perform such services on behalf of the testator or some person named in his will, would seem to ignore the provisions of subsection 4 of section 450.4 and render the provision meaningless, superfluous, and nonworkable.

It appears to us the legislature intended to and did limit exemptions from the in-

heritance tax when the bequest is for the restricted purposes enumerated therein, that the general exemption is not applicable when the purpose of the bequest is announced and limited to those enumerated services, and that the purpose expressed, not the party designated, governs the extent of this exemption.

Appellant argues that, in order for section 450.4(4) to be applicable, the bequests for masses would have to be made specifically to the priests. We cannot agree. Subsection 4 does not limit the bequests to clergymen. The requirement is that the bequest be *for the performance* of a religious service by any person duly authorized, and that it be performed for and in behalf of persons named in the will. It is not a limitation placed upon any specific person or institution.

In recognizing this distinction, the department did not limit the unrestricted bequest to the Society for the Propagation of the Faith where there was no restriction or use prescribed, except for religious purposes generally.

To say all bequests to religious institutions are totally exempt from the Iowa inheritance tax, notwithstanding that such bequests are for a specifically limited purpose, is to ignore the provisions of subsection 4 and render them superfluous.

■ In any event, a statute such as section 450.4 should be read in its entirety and not be construed so part of it is rendered superfluous. Consolidated Freightways Corp. of Delaware v. Nicholas, supra; Board of Directors of Menlo Consolidated School Dist. v. Blakesley, supra; Independent School District of Cedar Rapids v. Iowa Emp. Sec. Comm., 237 Iowa 1301, 25 N.W.2d 491; Eysink v. Board of Supervisors of Jasper County, 229 Iowa 1240, 296 N.W. 376.

■ Furthermore, this being a tax exemption statute, it must be strictly construed against the taxpayer and in favor of taxation. Chicago, B. & Q. R. Co. v. Iowa

State Tax Comm., 259 Iowa 178, 142 N. W.2d 407, and citations.

III. It is true, if subsection 4 had been deleted from section 450.4, the institutions named would have received their bequests exempt from the inheritance tax regardless of the use made of the bequest. It is also true that subsection 4 deals with the same subject matter as that considered in subsection 2, i. e., religious purposes, but it specifically restricts or limits the tax exemption under certain conditions. Subsection 2, therefore, must be considered a general provision and subsection 4 a specific provision of section 450.4 of the Code. However, even if we consider these subsections are in some conflict, the rule applicable is well settled. It is stated in 82 C.J.S. Statutes § 369:

■ "For purposes of interpretation, legislative enactments have long been classed as either general or special, and given different effect on other enactments dependent as they are found to fall into one class or the other. Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; * * *."

We ourselves have held where there is a conflict or ambiguity between specific and general statutes, the provisions of specific statutes control. City of Vinton v. Engledow, 258 Iowa 861, 867, 868, 140 N.W.2d 857, 862, and citations; Iowa Mut. Tornado Ins. Assn. v. Fischer, 245 Iowa 951, 955, 65 N.W.2d 162, 165. In Fischer, we said it is a fundamental rule "that where a gener-

al statute, if standing alone, would include the same matter as a special act and thus conflict with it, the special act will be considered an exception to the general statute, whether it was passed before or after such general enactment." Also see Yarn v. City of Des Moines, 243 Iowa 991, 998, 54 N. W.2d 439, 443, and citations; 82 C.J.S. Statutes § 369, pp. 843, 844.

We find no indication that the legislature intended to make the provisions of subsection 2 controlling in section 450.4. As appellee points out, if that view were adopted, the provisions of subsection 4 would have little or no meaning or application, and it would be easy to avoid that limitation by a bequest to an institution listed in subsection 2, even though the *use* is designated and clearly falls within the tax limitation provisions of subsection 4. We do not believe the legislature intended that result. It would require a clear manifestation of such an intent to convince us these subsections, read together, do not limit tax exemptions when the bequest is made to an institution for a purpose basic in the limitation. We are satisfied the limitation is applicable here.

Of course, to be entitled to the exemption provided in subsection 4, the service or services must be rendered by regularly ordained, authorized or licensed persons. Obviously, an institution receiving such a bequest cannot perform that service, but it is required to procure it by one duly authorized. We find no provision in subsection 4 which limits the persons or parties who may receive the bequest so long as it is used for the purposes set forth in the statute. It is the use that determines the extent of the tax exemption in section 450.4 of the Code.

■ There is no question but that the reading of masses qualifies as a religious service under the statute, and that the bequests to these two institutions were made for the purpose of having masses read for properly designated purposes. The legislature clearly provided a limitation of the

exemption in section 450.4 when the bequest directed its use for the purposes enumerated. Since the testator here limited or restricted the use of his bequest for religious purposes to the reading of masses, the provisions of section 450.4(4) apply and the bequest in excess of five hundred dollars is subject to the Iowa inheritance tax.

We are satisfied that by both the letter and spirit of section 450.4 the exemption therein is limited to a five hundred dollar bequest.

■ IV. In the determination of legislative intent, little or no help can be gleaned from outside authorities. City of Nevada v. Slemmons, supra, 244 Iowa 1068, 1071, 59 N.W.2d 793, 794, 43 A.L.R. 2d 693. However, in the construction of statutes the logic and reasoning of outside authorities involving similar statutes are often helpful.

Both counsel refer us to a like matter considered by the Supreme Court of Wisconsin in the case of In re Miller's Estate, 261 Wis. 534, 53 N.W.2d 172 (1952). The case involved a will which bequeathed various sums for masses to be said for the testator, her husband, and deceased relatives, in an amount exceeding $1,000. The Wisconsin statute was similar to Iowa's in that it had a general section which exempted gifts to religious and charitable institutions and a specific section, 72.04(7), Stats., limiting the general section. The applicable portions of 72.04(7) provides that "bequests *not to exceed one thousand dollars* for the performance of a religious purpose or religious service for or in behalf of the deceased or for or in behalf of any person named in his will, shall be exempt from any inheritance tax." (Emphasis added.)

The Wisconsin court, in holding that only $1,000 of the bequest was exempt, or in other words, that the general statute was limited by the specific statute, stated:

"The determining factor * * * is the nature or character of the beneficiary.

Nothing in the language of sec. 72.01 [the general statute provision] can be said to be descriptive of bequests for masses, and the section, by its terms, would not cover bequests for such purposes made to individuals.

"Even assuming that these bequests come within the provisions of both statutes, it follows that the application of sec. 72.01 is general, whereas sec. 72.04(7) deals with them specifically. Such circumstances would bring into effect the well established rule that when both a general statute and a specific statute relate to the same subject matter, the specific statute is controlling [citing cases]."

In felling the argument that such an interpretation would cause any transfer for a religious purpose in excess of $1,000, including bequests for the construction of churches and the like to be taxable, the Wisconsin court said at page 174 of 53 N. W.2d: "This argument ignores the qualifying phraseology of the statute which requires that the performance of such purposes or services shall be 'for or in behalf of the deceased or for or in behalf of any person named in his will.' "

This decision was given approval in the recent case of In Re Sykes' Estate, 27 Wis.2d 211, 133 N.W.2d 805 (1965). Also see In Re Volkering's Will, 253 Wis. 186, 190, 33 N.W.2d 263, 265. We adopt the reasoning of the Wisconsin court herein.

Appellant, however, attempts to distinguish the case at bar upon the ground that the Iowa statute is more specific in that it contains the language, "performance of a religious service or services by some person regularly ordained, authorized, or licensed by some religious society to perform such service, * * *", that because of the above, the bequest, in order to be limited to $500, must be made to a specified person. We are not persuaded by this argument. It overlooks the fact that the expressed statutory intent here is to limit exemptions for designated purposes and not on the basis of designated parties.

Appellant also cites and relies on In Re Didion's Estate, 54 Misc. 201, 105 N.Y.S. 924, where the surrogate court held that bequests directly to religious bodies for the reading of masses for the repose of the soul of testatrix are exempt from transfer tax under the transfer tax law, section 221 of the Laws of New York, 1896, which provided in pertinent part: " * * * But any property heretofore or hereafter devised or bequeathed to any person who is a bishop or to any religious corporation shall be exempted from and not subject to the provisions of this act." It will be noted the statute is silent as to any bequest for religious services such as are found in subsection 4 of section 450.4 of our Code. The case is, therefore, not in point.

V. Having carefully considered each contention of the parties and the sections of the Code applicable, we conclude the trial court did not err in its judgment nor in denying the motion for a new trial.

Affirmed.

All Justices concur, except MASON and BECKER, JJ., who dissent.