WILLIAM H. HUGHES, Commissioner of Credit Unions
You inquire whether a credit union chartered under the laws of this state is required to secure a license as a sales finance company in order to acquire or purchase retail instalment [installment] contracts involving its members.
The answer to your question is "no." Chapter 193, Laws of 1971, effective June 26, 1972, creating sec. 186.113 (7), Stats., specifically provides that a credit union may: "purchase or acquire conditional sales contracts or similar instruments executed by credit union members." It should be noted that instalment [installment] contracts are equated with conditional sales contracts. Sec. 218.01 (1) (e), Stats.
Prior to the enactment of ch. 193, Laws of 1971, a credit union would have been obliged to secure a license as a sales finance company to engage in such transactions under sec. 218.01 (1) (d), Stats., which provides:
"`Sales finance company' means and includes any person, firm or corporation engaging in the business, in whole or in part, of acquiring by purchase or by loan on the security thereof, or otherwise, retail instalment [installment] contracts from retail sellers in this state, including any motor vehicle dealer who sells any motor vehicle on an instalment [installment] contract or acquires any retail instalment [installment] contracts in his retail sales of motor vehicles." *Page 440 
The licensure requirements relating to a sales finance company do not apply to credit unions in view of the newly enacted statute which specifically provides that a credit union may purchase such contracts involving its members. It appears that the imposition of said licensure requirements upon credit unions would render newly created sec. 186.113 (7), Stats., a meaningless statute. It should not be presumed that a statute or any of its parts are superfluous. Associated Hospital Services,Inc. v. Milwaukee (1961), 13 Wis.2d 447, 109 N.W.2d 271; Cook v.Industrial Commission (1966), 31 Wis.2d 32, 142 N.W.2d 827. The legislature does not act in vain.
The purpose of ch. 193, Laws of 1971, was to establish "an office for the commissioner of credit unions to perform the regulating functions currently performed by the office of the commissioner of banking." When the legislature provided that credit unions could purchase conditional sales contracts or similar instruments executed by its members, it was contemplated that the regulatory phase of a credit union's activity in this respect would devolve upon the new commissioner of credit unions. To hold otherwise would, in effect, restore supervision of this activity to the commissioner of banks who issues and performs the regulatory function with regard to sales finance companies. Thus, an interpretation which would impose licensure requirements upon credit unions in this matter not only disregards newly created sec. 186.113 (7), Stats., but also is in contravention of the overall manifest intent of the legislature. The intent of the legislature is, of course, a controlling factor in the interpretation of a statute. Safe Way Motor Coach Co. v. City ofTwo Rivers (1949), 256 Wis. 35, 39 N.W.2d 847; State ex rel.Mitchell v. Superior Court of Dane County (1961), 14 Wis.2d 77,109 N.W.2d 522.
You also inquire whether an auto dealer who sells an instalment [installment] or conditional sales contract to a credit union is subject to a penalty as provided under sec. 218.01 (3) (a) 13, Stats.
As long as the sale by the auto dealer is made to the credit unions in which the obligor has membership, no penalty attaches to such acts of an auto dealer. Newly created sec. 186.113 (7), Stats., embraces all conditional sales contracts and similar *Page 441 
instruments without limitation as to subject matter. While an auto dealer may be penalized for selling instalment [installment] contracts to persons not licensed under ch. 218, Stats., the statute cannot be considered in a vacuum. State ex rel. AmpcoMetal, Inc. v. O'Neill (1956), 273 Wis. 530, 78 N.W.2d 921. Statutes relating to the same subject matter must be read together and harmonized. Milwaukee v. Milwaukee County (1965),27 Wis.2d 53, 133 N.W.2d 393; Pruitt v. State (1962), 16 Wis.2d 169,114 N.W.2d 148. Conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may be otherwise reasonably construed. Moran v.Quality Aluminum Casting Co. (1967), 34 Wis.2d 542,150 N.W.2d 137; Ratsanen v. Milwaukee (1967), 35 Wis.2d 504,151 N.W.2d 129.
Accordingly, it is my opinion that a credit union chartered under the laws of this state has the same status as a sales finance company licensed under ch. 218, Stats., for the purpose of purchasing instalment [installment] or conditional sales contracts executed by its own members, and further that credit unions are exempt from licensure under ch. 218, Stats., when so engaged.
RWW:WLJ