WILLIAM F. BOCK, Corporation Counsel, Racine County
Your office requested my opinion on the following question:
 "Concerning the general health, safety and welfare of the inhabitants along a Class A County Trunk Highway, does the county have an over-riding right to limit the vehicular travel as to weight on the highway under the county's rights to protect the health, safety and welfare of the citizens of the county or are they restrained from this type of activity by virtue of Wisconsin Statutes sec. 348.15, sec. 348.16. Sec. 349.15 and sec. 349.16?"
Further:
 "The view of the County in wanting to impose a weight limitation on vehicles is due to the fact that residences are extremely close to the highway and they fear the noise and vibration from the heavier vehicles will substantially interfere with the residential uses of the property. It does not have to do with the ability of the road to carry the weight."
For the reasons hereinafter discussed, I am of the opinion that counties, in controlling truck traffic, are limited to the police power authority granted in sees. 349.15 and 349.16, Stats. In exercising the *Page 111 
police power under sec. 349.15, Stats., counties are not restricted to consideration of the carrying capacity of the highway, but may take into consideration the general health, welfare and safety of the public.
Your question does not concern a temporary or emergency situation involving the physical carrying capacity of the roadbed. Therefore, consideration of the county's police power under sec. 349.16, is not relevant and for the most part will not be discussed.
Sections 348.15 and 348.16, Stats., establish the county highway classifications, "A" and "B" and prescribe the legal (truck) weight limits for the two classes. The load limits for a Class "B" highway are sixty percent of the loads allowed on Class "A" highways. Under secs. 348.15 (1)(b), and 348.16 (1)(b), Stats., all county trunk highways are Class "A" highways unless they have been specifically designated as Class "B" highways by the county highway committee under the authority of sec. 349.15
(2), Stats. Section 349.03, Stats., provides that chs. 341 to 348 shall be uniform throughout the state. Thus, the Legislature has made the entire county trunk system of highways, including the Class "B" highways, open to truck traffic. Counties may not permanently prohibit all truck traffic from a county trunk facility, nor may counties permanently restrict a county trunk highway to truck weight limits less than that allowed on a Class "B" highway. 39 OAG 446 (1950).
Counties are agents of the state and may only exercise those powers expressly conferred by the Legislature or necessarily implied to carry out the express powers. Spaulding v. WoodCounty, 218 Wis. 224, 260 N.W. 473 (1935); State ex rel. Sell v.Milwaukee Co., 65 Wis.2d 219, 222 N.W.2d 592 (1974). Section349.15, Stats., is an express grant of police power to the counties for the control of truck traffic in a particular or limited manner. I am unaware of any statute conferring upon counties the broad police power granted to cities and villages by sec. 349.17, Stats. This section allows those municipalities to establish "truck routes" or, in other words, to bar truck traffic from designated streets.[1] As there is specific legislation governing the control of truck traffic by the counties, additional authority cannot be *Page 112 
implied under a statute conferring general police power on the counties. State ex rel. Mitchell v. Superior Court of DaneCounty, 14 Wis.2d 77, 109 N.W.2d 522 (1961); Pruitt v. State,16 Wis.2d 169, 114 N.W.2d 148 (1962). Accordingly, the police power of the counties in the regulation of truck traffic on county trunk highways, is limited to sec. 349.15 (2), Stats., which provides, in part:
 "The county highway committee . . . may designate all or parts of such highways to be class `B' highways for the purpose of putting into effect the weight limitations set forth in s. 348.16 . . . ."
The question arising under sec. 349.15 (2), Stats., is whether the designation of a county trunk highway as a Class "B" highway must be grounded on the physical condition of the highway. Another way of putting the issue is to ask, may the county highway committee designate a highway as a Class "B" highway even though it is fully capable of carrying the load limitations of a Class "A" highway?
I see no legitimate basis upon which to conclude that the police power under sec. 349.15 (2), Stats., may only be exercised in reference to the physical carrying capacity of the highway. Cities and villages are not so restricted when they create "truck routes" under see. 349.17, Stats. It appears the only limitation on cities and villages in the establishment of "truck routes" is the abutting residents' right of ingress and egress. Hartung v.Milwaukee County, 2 Wis.2d 269, 86 N.W.2d 475 (1957).
At least, since State ex rel. Saveland P. H. Corp. v. Wieland,269 Wis. 262, 69 N.W.2d 217 (1955), the court has recognized as legitimate the use of the police power to preserve or promote public convenience or general prosperity. Preservation of property values falls within the police power. Wieland,269 Wis. at 290.
Unlike sec. 349.16, Stats., which does limit the exercise of the police power to situations involving the condition of the roadbed, sec. 349.15, Stats., is silent. Therefore, it is only reasonable to conclude the Legislature did not intend to restrict the counties' police power under sec. 349.15, Stats., and such power may be exercised when it is deemed by the highway committee to be in the interest of the public welfare.
It is my opinion that counties do not have authority to permanently exclude all truck traffic from a county trunk highway. *Page 113 
Under the police power authority or sec. 349.15, Stats., counties may regulate or limit truck traffic by changing the highway classification from "A" to "B." The county highway committee determination to change the highway classification, as authorized by sec. 349.15, Stats., need not be based on the physical condition of the roadbed, but may be based on other appropriate police power considerations such as to promote the general welfare of the public.
The question was not asked and no consideration was given to what effect, if any, such reclassification would have on eligibility for federal or state road aids.
BCL:CAB
[1] In Hartung v. Milwaukee County, 2 Wis.2d 269,86 N.W.2d 475 (1957), the court discusses limitations on this power.