IN the MATTER OF the ESTATE OF James E. HALSTED, Deceased:

BARABOO NATIONAL BANK and Hortense H. Clingman, as Personal Representatives of the Estate of James Halsted, Deceased; and Hortense H. Clingman and William A. Warren, as Sole Heirs of said Decedent, Appellants,

v.

State of Wisconsin DEPARTMENT OF REVENUE, Respondent.†

Court of Appeals

*No. 82–145. Argued December 8, 1982.—Decided February 10, 1983.*
(Also reported in 331 N.W.2d 609.)

† Petition to review granted.

For the appellants there were briefs by *Richard S. Jenks* and *Greenhalgh, Jenks & Dithmar* of Baraboo, and *Clyde C. Cross* and *Cross, Mercer and Maffei* of Baraboo, and oral argument by *Clyde C. Cross.*

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *F. Thomas Creeron III,* assistant attorney general, and *Robert C. Stellick, Jr.,* assistant inheritance tax counsel, and oral argument by *DeWitt J. Strong,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. The personal representatives and heirs of the estate of James E. Halsted appeal from the circuit court's order denying their motion to strike the department of revenue's statute of limitations defense.

They also appeal from the circuit court order dismissing their petition for a hearing on the determination of tax due and directing them to pay $21,145.71 additional tax and interest. We affirm the orders.

James E. Halsted died March 6, 1978. On June 12, 1978, Lydia Carmen Pavia filed a claim against his estate. The estate disputed the validity of her claim and therefore did not include it as a debt of the decedent on its state inheritance tax return, filed February 20, 1979. On March 9, 1979, the department issued a certificate pursuant to sec. 72.30(3)(c), Stats., showing a tax due of $148,729.10.[1] An order approving settlement of Pavia's claim for $225,000.00 was filed July 24, 1979.

On September 21, 1979, the estate filed an amended state inheritance tax return. It claimed that Pavia settlement as a deductible "debt of decedent," and claimed additional administrative expenses of $65,424.95 and the standard household furnishings exclusion of $2,500.00. It also reported additional property worth $14,825.55 and indicated that the federal estate tax would be decreased because of the Pavia settlement. On September 24, 1979, the estate filed a petition in circuit court for a hearing and redetermination of the inheritance tax due, pursuant to sec. 72.30(4), Stats.[2] The circuit court issued an order

---

[1] Section 72.30(3)(c), Stats., provides: "Upon the determination of the value of the property and the tax, the department shall issue a dated certificate showing the amount of tax and any interest and penalty, or showing the amount of tax and stating that payment will be made under s. 72.22(4)."

[2] Section 72.30(4), Stats., provides:

The attorney general, department, district attorney or any person dissatisfied with the appraisal, assessment or determination of the tax due under this subchapter may apply for a hearing before the circuit court within 6 months from the date the certificate in sub. (3)(c) is issued. The applicant must file a written notice with the court stating the grounds of the application. No statute of limitations shall run against the department in cases of fraud or collusion or where property is not disclosed in the return.

taking jurisdiction of the case the same day. It vacated that order May 14, 1980, holding that it had not had jurisdiction.

The Internal Revenue Service notified the estate March 19, 1981 that it had completed its final determination of the federal estate tax due and that the estate would be receiving a refund of $67,309.74. The estate filed a second amended inheritance tax return April 10, 1981, claiming the household goods exclusion, a deduction of $225,611.00 for additional debts of the decedent (including the Pavia settlement), a mathematical error in the department's favor of $21.81, and additional administrative expenses of $65,424.95. It reported the $67,-309.74 federal refund and additional property of $14,-825.25. The department redetermined the inheritance tax due, disallowed the claimed deductions and demanded payment of $21,145.71 because of the additional property reported and the smaller federal estate tax. The estate filed a second petition in circuit court May 29, 1981, for a hearing and redetermination of the tax due. The department raised sec. 72.30(4), Stats., as a defense, arguing that it required petitions to be brought within six months of the issuance of the certificate. The circuit court denied the estate's motion to strike the defense, dismissed its petition for a hearing, and ordered it to pay the inheritance tax as determined by the department.

The issues on appeal are:

(1) Does sec. 72.30(4), Stats., bar the estate's petition for a hearing on the amount of tax due?

(2) Did the circuit court's interpretation of sec. 72.30 (4), Stats., deny the estate due process of law by cutting off the time to assert its right before the right arose?

*Construction of Section 72.30(4), Stats.*

We give no deference to the department's interpretation of sec. 72.30(4), Stats. The interpretation placed

upon a statute by the administrative agency charged with the duty of applying the statute is entitled to great weight. *Chevrolet Division, G.M.C. v. Industrial Comm.*, 31 Wis. 2d 481, 488, 143 N.W.2d 532, 536 (1966). However, the department is not charged with applying sec. 72.30 (4). Insofar as it determines whether a taxpayer may petition the circuit court for a redetermination of the amount of tax due, that statute is applied by the court, not the department. The determination of whether a court has jurisdiction or competence to hear a case is made by a court, with no deference given to the opinions of the parties.

Appellants argue that the term "certificate" as used in sec. 72.30 (4), Stats., should be read to include the department's determinations on all amended inheritance tax returns filed and that they should have been allowed to contest the department's disallowance of the deductions claimed on their two amended returns. The plain language of sec. 72.30 (4) does not warrant such a reading. The statute does not mention later determinations on amended returns. It gives interested parties six months from the date the certificate is issued to petition the circuit court for a hearing. In the present case, the department issued the certificate on March 9, 1979. Appellants had until September 10, 1979, to petition for a hearing.

The supreme court has interpreted the predecessor to sec. 72.30 (4), Stats., sec. 72.15 (11), to allow a similarly short time to petition for rehearing. Section 72.15 (11), Stats. (1927), provided:

The attorney-general, tax commission, public administrator, district attorney, or any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the county court within sixty days from the fixing, assessing, and determination of the tax by the county court as

herein provided on filing a written notice which shall state the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearings as herein provided and a new trial shall not be had or granted unless specially ordered by the county court.

In *Estate of Aylward,* 199 Wis. 347, 349, 226 N.W. 311, 312 (1929), the court held that sec. 72.15(11), Stats. (1927), barred an application brought more than sixty days after the county court had determined the inheritance tax due. In *Estate of Kirsh,* 269 Wis. 32, 35, 68 N.W.2d 455, 456, 69 N.W.2d 495 (1955), the court said that it was "unnecessarily technical" to read sec. 72.-15(11) as applying only to property included in the original inventory. It held that the statute barred the county court from redetermining the inheritance tax after sixty days had passed, even though the state had discovered that property had been erroneously excluded from the original inventory. *See Estate of Zeller,* 39 Wis. 2d 695, 699, 159 N.W.2d 599, 601–02 (1968) (for explanation of *Kirsh* holding).

In *Zeller,* 39 Wis. 2d at 699, 159 N.W.2d at 602, the court noted that the legislative history of ch. 288, Laws of 1959, which had enlarged the time for rehearing from sixty days to six months, indicated that the bill was passed because a taxpayer had discovered an accidental overpayment after the sixty-day limit had expired and had not been allowed to recover the overpayment.

The only substantive difference between old sec. 72.15 (11) and sec. 72.30(4), Stats., is that the original determinor of the inheritance tax has been changed from the county court to the department of revenue, and no statute of limitations runs against the department in cases of fraud, collusion or nondisclosure. The language setting the time limit has not been changed. The principles

enunciated in *Aylward, Kirsh* and *Zeller* remain applicable under the current statute. A taxpayer has six months from the date the certificate is issued to seek a redetermination of the tax in circuit court. After that time, a petition is barred.[3]

Appellants' interpretation of sec. 72.30(4), Stats., undercuts the objectives of finality of inheritance tax determinations and speedy closing of estates. Under the interpretation they urge, estates could file numerous amended returns and petition for a hearing on the department's determination on each return filed. We do not think the legislature intended such a result.

Appellants contend that the interpretation we have given to sec. 72.30(4), Stats., makes sec. 72.33(4) unnecessary. Section 72.33(4) provides: "No valuation or other substantive issue upon which the department has issued its certificate may be reopened more than 6 months after the date of the certificate except with the mutual consent of the department and taxpayer."

Section 72.33(4), Stats., must be read in the context of the entire statutory section in which it appears. Section 72.33 controls adjustments made to the state inheritance tax because of additional federal estate tax paid or refunds received. The effect of sub. (4) is that the department may not make a unilateral redetermination of the value of estate assets or of any other substantive issue determined under the certificate, based on the federal estate tax assessed, more than six months after the date of the certificate.

Section 72.30(4), Stats., prevents court redetermination of the inheritance tax if the petition is filed later

---

[3] Section 72.30(4), Stats., does not bar the department of revenue from allowing deductions claimed on amended returns filed more than six months after the date the original certificate is issued. It only bars the taxpayer from challenging the department's decisions on those claims in circuit court.

than six months from the date of the certificate. Section 72.33 (4) prevents administrative redetermination of the inheritance tax later than six months from the date of the certificate unless the taxpayer agrees. It serves the same policy of early finality of inheritance tax determinations as does sec. 72.30 (4), but it does not make that section unnecessary.

*Constitutionality of Section 72.30 (4), Stats.*

Appellants contend that sec. 72.30 (4), Stats., denies a taxpayer due process of law if it is read to allow petitions to the circuit court only within the first six months after the department issues a certificate on the taxpayer's original return. Appellants cite *United States Fire Ins. Co. v. E.D. Wesley Co.,* 105 Wis. 2d 305, 313 N.W.2d 833 (1982), for the proposition that a statute of limitations which extinguishes a right before it can be asserted in court violates constitutional rights. However, sec. 72.30 (4) did not extinguish the estate's right to claim the deductions it claimed on its amended returns before the right to claim them could have been asserted in court. The estate could have claimed the $2,500.00 household goods exclusion on its original return. The Pavia settlement was final July 24, 1979, and the administrative expenses necessary to procure that settlement had accrued by then. The six months did not run until September 10, 1979. The estate could have petitioned for a hearing to redetermine the inheritance tax due, but it did not do so. Section 72.30 (4), as we have construed it, is not unconstitutional as applied to the facts of this case. The circuit court's orders are affirmed.

*By the Court.*—Orders affirmed.

BABLITCH, J. (*dissenting*). The "plain meaning" which the majority assigns to sec. 72.30 (4), Stats., is not plain to me. That section provides:

The attorney general, department, district attorney or *any person dissatisfied with the* appraisal, assessment or *determination of the tax* due under this subchapter *may apply for a hearing before the circuit court within 6 months from the date the certificate in sub. (3)(c) is issued. The applicant must file a written notice with the court stating the grounds of the application.* No statute of limitations shall run against the department in cases of fraud or collusion or where property is not disclosed in the return. [Emphasis supplied.]

Section 72.30(3)(c) provides; "Upon determination of the value of the property and the tax, the department shall issue a dated certificate showing the amount of tax . . . ."

It is true that these statutes are couched in the singular, as though they contemplated only one determination by the department of "the tax" due from an estate. This grammatical fact should not control our search for legislative intent in applying the statute to the facts before us.

Presumably the legislature knew, as this case illustrates, that in some estates it is impossible to ascertain the final total of assets, liabilities, and deductible administrative expenses within one year of a decedent's death. In estates containing closely held corporate stock, for example, or involving a will contest, a wrongful death action, or disputed claims of any sort, the ultimate dollar value of an asset or liability may not be susceptible of a meaningful estimate within that period. A return must be filed and payment timely tendered, nonetheless, in order to avoid the retroactive interest imposed by sec. 72.23, Stats.[1] In such a case it would be necessary for

---

[1] Present sec. 72.23, Stats., provides:

(1) RATE. If the tax imposed by this subchapter is not paid within one year of the decedent's date of death, interest is due and payable at the rate of 9% per year from date of death. In computing time under this section, the day of death is excluded.

the estate to file one or more amended returns on the basis of values and expenses ascertained after the original return was filed. Nothing in ch. 72 prohibits such filings, or re-determinations of tax due and new or amended certificates based upon them.

The question remains whether the legislature intended to subject such new determinations by the department to judicial scrutiny under sec. 72.30(4), Stats. In my view there is no basis for supposing that it did not, and good reason to suppose that it did.

Former section 72.15(11), Stats., and the cases construing it cited by the majority are inapposite to an understanding of the present statute. The former statute governed *rehearing* by the county court of tax determinations which the court itself had made under the old probate code. Under the present code, by contrast, the court is not involved in making tax determinations unless and until a dispute arises from the department's determinations or from its proposed determinations.[2] Absent a dispute neither reason nor "grounds" exist to involve the court at all. The limited role of the court envisioned by the legislature is set forth in the 1971 Legislative Council Note to sec. 72.30, Stats., which states in part:

This new administrative procedure removes the necessity of court participation in undisputed tax determinations. It provides for self-assessment much like the filing of income tax returns. *The court will be available, however, to resolve disputed issues.* . . . .

(2) INTEREST MAY BE WAIVED. The department or circuit court may waive interest on any additional tax arising from the discovery of property which was omitted in the original determination of tax. This subsection applies only where due diligence has been exercised in marshaling the assets.

[2] *See* sec. 72.30(3)(b), Stats., which provides: "Where the department and any interested person are unable to agree on any issue necessary for the determination of tax under this subchapter, either may petition the circuit court to decide the issue."

Under sub. (4), any interested person *dissatisfied with an issue of fact or law has recourse to the county court within 6 months from issuance of the closing certificate.* . . . [Emphasis supplied.]

In the present case there was no dispute concerning the tax assessed and paid on the basis of the original return. That return was filed almost one year after the date of death, barely in time to avoid the penalty imposed for tax paid after the one-year deadline under sec. 72.23, Stats.

There was also no dispute concerning the first amended return filed about two months after the settlement of the Pavia claim. Although that return set forth certain additional property and expenses, claimed the amount of the Pavia settlement as a deductible debt, and indicated that the estate expected a refund in federal taxes which would affect the amount of state taxes due, no redetermination of state tax was made by the department on the basis of that return. There was therefore still no reason to involve the court in resolving a disagreement.[3]

On March 19, 1981, more than three years after date of death, the IRS notified the estate that it would receive a refund in federal taxes of more than $67,000. Less than a month later, on April 10, 1981, the estate filed the second amended return which is the subject of this appeal. This return claimed a refund due in state taxes of more than $40,000. On April 30, 1981, the department notified the estate by letter that it was disallowing all deductions claimed and assessing an additional tax of

---

[3] The fact that the appellants petitioned the court to assume jurisdiction pursuant to sec. 72.30 (4), Stats., after filing the first amended return is irrelevant to our construction of the statute. That filing was the act of a cautious attorney. The petition reveals that, as yet, no dispute had been joined by the department's re-determination of tax due on the basis of the information in the first amended return.

more than $21,000. The letter stated that an amended certificate would be issued when the additional tax and interest were paid. It was not until the department made the determination embodied in this letter that there was any dispute between the parties.

The estate promptly applied for judicial review when it had grounds to do so. It does not seek to raise any argument with respect to the "valuation or other substantive issue upon which" the original tax determination was made, contrary to sec. 72.33 (4), Stats. It seeks only its day in court with respect to the new facts reported in the second amended return, and the new issues raised by the department's tax determination based on those facts. I cannot believe that the legislature intended, in the name of "finality," to preclude access to judicial review under these circumstances.