IN the MATTER OF the ESTATE OF James E. HALSTED, Deceased: BARABOO NATIONAL BANK and Hortense H. Clingman, as Personal Representatives of the Estate of James E. Halsted, Deceased; and Hortense H. Clingman and William A. Warren, as Sole Heirs of Said Decedent, Appellants-Petitioners,

v.

State of Wisconsin DEPARTMENT OF REVENUE, Respondent.†

Supreme Court

*No. 82–145. Argued November 29, 1983.—
Decided December 23, 1983.*

(Also reported in 341 N.W.2d 389.)

† Motion for reconsideration denied February 15, 1984. WILLIAM A. BABLITCH, J., took no part.

For the appellants-petitioners there were joint briefs by *Richard S. Jenks* and *Greenhalgh, Jenks & Dithmar,* and *Clyde C. Cross* and *Cross, Mercer and Maffei,* all of Baraboo, and oral argument by *Richard S. Jenks* and *Clyde C. Cross.*

For the respondent the cause was argued by *F. Thomas Creeron III,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general, and *Robert C. Stellick, Jr.,* assistant inheritance tax counsel.

WILLIAM G. CALLOW, J.   This is a review of a decision[1] of the court of appeals affirming the orders of

---

[1] *In Matter of Estate of Halsted,* 111 Wis. 2d 606, 331 N.W.2d 609 (Ct. App. 1983).

the Sauk county circuit court, Judges James W. Karch and Robert F. Curtin. These orders denied a motion to strike the Wisconsin Department of Revenue's statute of limitations defense, dismissed for lack of jurisdiction a petition for a court hearing on an inheritance tax redetermination made by the department of revenue, and required the payment of an amount of inheritance taxes. We reverse the decision of the court of appeals.

The issue presented on appeal is whether an estate is entitled to a court hearing, pursuant to sec. 72.30(4), Stats., on an inheritance tax redetermination made more than six months after a tax certificate was issued by the department of revenue in compliance with sec. 72.30 (3)(c).

James E. Halsted died intestate on March 6, 1978, and his estate was probated in the Sauk county circuit court before Judge James W. Karch. On June 15, 1978, Lydia Carmen Pavia filed claims against the estate for $184,328 and for the entire contents of Halsted's house located in Baraboo, Wisconsin. These claims were disputed by the representatives of the Halsted estate. The estate filed a federal estate tax return on November 15, 1978, and a state inheritance tax return on February 20, 1979, but it did not include as a debt of the estate the disputed Pavia claims. On March 9, 1979, the Wisconsin Department of Revenue (Department) issued a certificate, pursuant to sec. 72.30(3)(c), Stats.,[2] which determined the inheritance tax to be $148,729.10, the exact amount set forth in the estate's tax return.

---

[2] Sec. 72.30(3)(c), Stats., 1977, provided: "Upon determination of the value of the property and the tax, the department shall issue a dated certificate showing the amount of tax and any interest and penalty." Although this provision was amended in Chapter 1, Laws of 1979, no substantive change related to the disposition of this case was made. Therefore, all references to this section in this opinion will be to the current statute.

On July 24, 1979, the court entered an order approving a settlement of the Pavia claims for $225,000. On September 21, 1979, the estate filed an amended inheritance tax return, claiming the Pavia settlement as a deductible debt of the decedent, additional administrative expenses of $65,424.95, and a household furnishings exclusion of $2,500. The estate also reported additional property worth $14,825.52 received or discovered subsequent to the filing of the original return and indicated that the Pavia settlement deduction would reduce the federal estate tax. On September 24, 1979, the estate, pursuant to sec. 70.30 (4), Stats.,[3] filed a petition with the court for a hearing on the amount of inheritance tax due in light of the amended return. Although the trial court initially retained jurisdiction to decide the inheritance tax matter, on May 14, 1980, the court, over the objection of the estate, granted the Department's motion to vacate the court's order retaining jurisdiction on the grounds that the petition had not been filed within six months of issuance of the sec. 72.30 (3) (c) tax certificate.

In March of 1981 the estate received from the United States Internal Revenue Service a federal estate tax refund of $67,309.74 to account for the depletion of the estate in payment of the Pavia debt. On April 10, 1981, the estate filed a second amended return, reflecting the federal tax refund and the adjustments set forth in the first amended return, and claimed a tax refund of

---

[3] Sec. 72.30(4), Stats., provides: "HEARING IN CIRCUIT COURT. The attorney general, department, district attorney or any person dissatisfied with the appraisal, assessment or determination of the tax due under this subchapter may apply for a hearing before the circuit court within 6 months from the date the certificate in sub. (3)(c) is issued. The applicant must file a written notice with the court stating the grounds of the application. No statute of limitations shall run against the department in cases of fraud or collusion or where property is not disclosed in the return."

$42,229.15 from the state. On April 30, 1981, the Department redetermined the inheritance tax due, disallowing the claimed deduction for the Pavia debt, the additional administrative expenses, and the household deduction, and required payment of an additional $21,-145.71 in inheritance taxes, including interest, because of the increased property value and the reduction in the federal estate tax.

In response to the Department's redetermination of the tax liability, the estate on May 29, 1981, filed a petition, pursuant to sec. 72.30 (4), Stats., with the court requesting a hearing on the estate's claimed tax refund and the Department's redetermination of the tax due. The Department responded to the petition by arguing that the petition was barred by the six-month limit imposed by sec. 72.30 (4). In a decision and order entered December 30, 1981, the court denied the estate's motion to strike the Department's defense, deciding that the petition was barred because it was not timely filed under sec. 72.30 (4). On January 12, 1982, the court entered an order dismissing the estate's petition and requiring the estate to pay the $21,145.71 assessed by the Department for additional inheritance taxes and interest due on the second amended return. The estate appealed from both the December 30, 1981, and the January 12, 1982, orders.

The court of appeals, in a split decision, affirmed the circuit court's orders. The court found that sec. 72.30 (4), Stats., unambiguously barred the right to petition the court for a hearing on a disputed tax matter after six months had elapsed from the filing of a sec. 72.30 (3) (c) tax certificate. The court relied on our interpretation of the predecessor statute to sec. 72.30 (4), sec. 72.15 (11),[4] in *Estate of Kirsh*, 269 Wis. 32, 68 N.W.2d 455,

---

[4] Sec. 72.15 (11), Stats., provided: "REHEARING IN COUNTY COURT. The attorney general, department of revenue, public administra-

68 N.W.2d 495 (1955). In *Kirsh* we held that sec.
72.15(11) barred the court from redetermining the inheritance tax after sixty days had passed from the original tax determination, even though property had been erroneously excluded from the original estate inventory. The court of appeals concluded that this interpretation should also apply to sec. 72.30(4), which the court found was in all relevant respects similar to former sec. 72.15 (11). The court also stated that its interpretation of the statute would comport with the legislative objectives of finality of inheritance tax determinations, and the speedy closing of estates. *See Halsted,* 111 Wis. 2d at 612. The court rejected the estate's contention that barring a hearing on a tax redetermination denied them due process of law, finding that the estate could have filed its petition within the six-month period because it knew at that time what adjustments needed to be made to the original tax return. *Id.* at 613.

The dissenting opinion disagreed with the majority's interpretation of sec. 72.30(4), Stats. The dissent concluded the majority's narrow construction of the section's language ignored the realities of estate tax determinations and defeated the legislative intent to provide estates court hearings on tax disputes. The dissent began by noting that estates often have to make adjustments as additional liabilities or assets are discovered during the process of closing the estate. When such

---

tor, district attorney, or any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the county court within six months from the fixing, assessing, and determination of the tax by the county court as herein provided on filing a written notice which shall state the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearings as herein provided and a new trial shall not be had or granted unless specially ordered by the county court."

adjustments are made, tax disputes may arise which need to be appealed to the circuit court. Therefore, the dissent argued, to construe the section's six-month time limit as barring hearings on tax redeterminations would defeat the legislative intent to provide estates an opportunity to obtain circuit court review of departmental tax determinations.

█

In interpreting statutes we apply the oft-repeated guiding principles that "[t]he aim of all statutory construction is to discern the intent of the legislature," *Green Bay Packaging, Inc. v. ILHR Dept.*, 72 Wis. 2d 26, 35, 240 N.W.2d 422 (1976), and that a "cardinal rule in interpreting statutes" is to favor a construction which will fulfill the purpose of the statute over a construction which defeats the manifest object of the act. *Student Asso., University of Wisconsin-Milwaukee v. Baum,* 74 Wis. 2d 283, 294–95, 246 N.W.2d 622 (1976). Where one of several interpretations of a statute is possible, the court must ascertain the legislative intention from the language of the statute in relation to its context, subject matter, scope, history, and object intended to be accomplished. *State ex rel. First National Bank & Trust Co. of Racine v. Skow,* 91 Wis. 2d 773, 779, 284 N.W.2d 74 (1979).

█

We conclude that the primary purpose of sec. 72.30(4), Stats., is to provide estates an opportunity to appeal to a circuit court any disputed inheritance tax determinations made by the department of revenue. Sec. 72.30(4) provides, in part, that "any person dissatisfied with the appraisal, assessment or determination of the tax due under this subchapter may apply for a hearing before the circuit court." Further, the legislative council notes accompanying the enactment of this section provided in pertinent part: "This new administrative procedure re-

moves the necessity of court participation in undisputed tax determinations. It provides for self-assessment much like with the filing of income tax returns. *The court will be available, however, to resolve disputed issues."* Ch. 310, Laws of 1971 (Note to sec. 72.30.) (Emphasis added.)[5] We read this language as indicating that the legislature's primary purpose in enacting this section was to ensure, within appropriate time limits, estates an opportunity to have a court hear disputed inheritance tax issues.[6]

---

[5] The court of appeals relied heavily upon this court's interpretation of former sec. 72.15(11) in construing current sec. 72.30(4), Stats. This reliance was misplaced because sec. 72.15(11) differs in an important respect from the current statute. Sec. 72.15(11) imposed a six-month limit on seeking a rehearing on a prior court determination of inheritance tax liability. We believe that the crucial distinction between the two statutory provisions is that sec. 72.15(11) already provided for a court determination of tax liability; thus the six-month limitation dealt only with the right to a rehearing. By contrast, the current statutory scheme provides for the estate to calculate the tax liability itself, subject, of course, to review by the Department. The court plays no role in the tax determination unless a dispute arises from the Department's tax determination based on its review of the estate's return. Thus sec. 72.30(4) differs both in its procedural scheme and the legislative intent advanced by the statute.

We are not persuaded by the legislative committee meeting notes cited by the Department in support of its contention that the legislature intended sec. 72.30(4) to operate in the same manner as sec. 72.15(11). These notes indicate the six-month limitation was a concern of the legislators, but they do not change our conclusion that permitting court hearings on tax redeterminations would be commensurate with the legislature's primary objective in enacting this provision. We conclude, therefore, that our cases interpreting sec. 72.15(11) are inapposite to our construction of sec. 72.30(4).

[6] We agree with the court of appeals that the statute also serves the objectives of ensuring finality of tax determinations and the speedy closing of estates. We do not believe, however, that these objectives will be thwarted by our holding in this case. The estate will necessarily continue to be open if amended returns must be filed; thus, permitting a court hearing on tax redeterminations

Keeping in mind this legislative purpose, we now consider whether sec. 72.30(4), Stats., should be interpreted as barring circuit court review of tax disputes which arise more than six months after the Department issues a tax certificate. An estate may remit its tax payment within one year of the decedent's death in order to avoid the interest imposed by sec. 72.23, on unpaid estate taxes.[7] When the estate remits its tax payment, it may decide to file a return even though it has not had sufficient time to inventory all its assets or liabilities. Once the return is filed, the Department reviews the return and issues a tax certificate pursuant to sec. 72.30(3)(c).

We presume that the legislature was aware that this tax determination process necessarily implies that there may be estate matters still pending even though a return was filed and a tax certificate issued. Nothing in Chapter 72 prohibits the filing of amended returns or the making of tax redeterminations to cover adjustments in the value of an estate; [8] indeed, the statutes clearly re-

_____

will only minimally delay the resolution of still pending estate matters.

[7] Alternatively, sec. 72.22(2), Stats., permits an estate to make an estimated tax payment without filing a return and thereby avoid sec. 72.23 interest, except to the extent that the estimated payment falls short of the actual tax due. This option, however, does not foreclose an estate from utilizing the statutory right to request a court hearing on disputed tax matters when it elects to file a return and remits its tax payment.

[8] The court of appeals stated that sec. 72.30(4), Stats., does not bar the Department from allowing deductions on amended returns filed after the six-month period, but does bar the taxpayer from challenging the Department's tax determinations in court. *See Halsted,* 111 Wis. 2d at 612 n. 3. We believe this result illustrates the problems with a strict construction of sec. 72.30(4) because such an interpretation necessarily disregards the fact that amended returns may lead to proper disputes, as would the original return and tax certificate. It does not seem logical to permit a dispute to be heard by a court simply because it arose within an arbitrary time period, yet deny a court hearing for an equally valid dispute which arises after the six-month period.

quire estates to file returns necessary to cover all taxable estate matters. *See, e.g.,* secs. 72.11, 72.12, 72.30 (1), and 72.33 (2), Stats. The filing of amended returns would require the Department to redetermine the tax due based upon the information in the amended tax return. Once the redetermination is made, there may arise between the estate and the Department a dispute as to the tax due. Such a dispute may be appropriate for court review under sec. 72.30 (4), Stats.

We also note that in this case the estate could not have petitioned the court for a hearing within the six-month period after the March 9, 1979, tax certificate was issued because no dispute had yet arisen. The original tax certificate merely restated the amount the estate had calculated it owed on its first return; thus, there was no disputed tax issue at that time. Even though the estate may have been aware that adjustments would have to be made, it had no live dispute upon which to base its petition because it did not know whether the Department would accept or reject the claimed adjustments. Further, under the Department's position, assuming the estate had filed an amended return and sought a departmental tax redetermination within the six-month period, its right to a court hearing would be denied if the redetermination was issued after the six-month period ended. Therefore, to interpret sec. 72.30 (4), Stats., as a bar to future disputes would cut off the estate's right to a hearing even before that right could be exercised.[9] We do not think that the legislature could have intended such a result.

Such a result is especially indefensible in light of the legislature's intent to ensure estates an opportunity to have courts hear tax disputes.

[9] The estate has argued that, if a hearing is not permitted on all tax determinations, sec. 72.30 (4), Stats., is constitutionally infirm as a denial of due process of law. Because we have determined that under the statute the Estate is entitled to a hearing

When we view the legislative purpose of ensuring court review of tax disputes together with the practical consideration that valid disputes can arise more than six months after the filing of the tax certificate, we conclude that sec. 72.30(4), Stats., must be interpreted to afford court review within six months of all inheritance tax determinations made pursuant to Chapter 72. Accordingly, we hold that under sec. 72.30(4) estates have a right to a court hearing on disputed inheritance tax matters either when the Department issues its original tax certificate or when it redetermines the inheritance tax due based upon amended returns. We also believe it appropriate to interpret sec. 72.30(3)(c), to require that the Department issue a tax certificate each time a tax determination is made based on an amended return. The six-month period within which a petition may be brought is triggered by the issuance of each new tax certificate.

We caution, however, that the court hearing should be limited to consideration only of new matters raised by the filing of an amended return.[10] Once a hearing is

on the tax redetermination, we need not reach the question of the constitutionality of the statute.

[10] Some question has arisen concerning the relationship between sec. 72.30(4) and sec. 72.33(4), Stats. Section 72.33 governs the procedures to be followed when a federal estate tax adjustment is made subsequent to the filing of a state inheritance tax return. Subsection (4) of sec. 72.33 provides:

"No valuation or other substantive issue upon which the department has issued its certificate may be reopened more than 6 months after the date of the certificate except with the mutual consent of the department and taxpayer."

Thus a recomputation of state inheritance tax based upon a federal estate tax change occurring more than six months after the tax certificate is issued may not change the valuation of the estate or any other substantive issue unless the Department and the taxpayer consent. Because of our interpretation of sec. 72.30

held or the six-month period runs after a tax certificate is issued, the factual basis for that tax determination will be conclusively established and shall not be subject to judicial review in future court hearings. Consequently, future court hearings on disputed tax redeterminations should be limited to new factual matters raised by the tax certificate issued on an amended return.

The dispute which gives rise to a right to a court hearing cannot ripen until the Department makes a tax determination. In this case the six-month period was triggered by the dispute which arose when the Department on April 30, 1981, notified the estate that the claimed deductions were disallowed[11] and that an additional tax payment was required. The estate made a timely petition to the court for a hearing on the tax dispute. The court of appeals erred in affirming the circuit court's determination that it did not have jurisdiction to hear the dispute. Accordingly, we reverse the court of appeals and remand the case for a hearing on all new

(4), we conclude that a new six-month period under this section also is triggered when a new certificate is issued on an amended tax return. We caution, however, that the Department may make changes in valuation or other substantive issues only as to those new tax matters raised in the amended return upon which the new certificate is issued.

[11] In its letter of April 30, 1981, the Department stated that it was disallowing some of the estate's adjustments because those adjustments were filed after the six-month period had run. While we do not reach the substantive issue whether the adjustments are allowable, we note that the Department is mistaken in claiming that the adjustments were not allowable simply because they were filed after six months had elapsed from issuance of the tax certificate. The six-month limitation contained in sec. 72.30(4), Stats., governs only the period within which a petition for a court hearing may be brought. The statute does not in any way limit the period within which amended returns may be filed; the statute limits only the right to have disputes arising from the amended returns heard by a circuit court.

matters raised by the first and second amended returns and the tax redetermination based upon those returns.

*By the Court.*—The decision of the court of appeals is reversed, and cause remanded for proceedings consistent with this opinion.

SHIRLEY S. ABRAHAMSON, J. (dissenting). I find the reasoning of the majority opinion of the court of appeals persuasive, and I would affirm the decision of the court of appeals. *In the Matter of Estate of Halsted,* 111 Wis. 2d 606, 331 N.W.2d 609 (Ct. App. 1983).