R.J. MCMAHON, Commissioner, Office of the Commissioner of Savingsand Loan
You have asked for my advice with respect to what, if any, effect ch. 34, Wis. Stats., which deals with public deposits, has upon sec. 219.05, Wis. Stats., which permits the investment of certain public funds in savings accounts in savings and loan associations doing business in this state in an amount not exceeding the maximum insurance coverage of these accounts by the federal savings and loan insurance corporation.
Section 219.05, Wis. Stats., provides:
"219.05 Investment in accounts insured by the federal savings and loan insurance corporation. (1) The investment by any credit unions; or the investment of funds of any state sinking fund, state school fund, firemen's relief and pension fund, police pension fund, or other pension fund; or the investment by any savings and loan association; or by any federal savings and loan association; or by any administrative department, board, commissioner or officer of the state, authorized by law to make investments of funds in the custody or under the control of such department, board, commission or officer; or by any guardian, trustee or other fiduciary; or by any school district,vocational, technical and adult education district, drainagedistrict, village, city, county or town, in savings accounts insavings and loan associations doing business in this state in anamount not exceeding the maximum insurance coverage of theiraccounts by the federal savings and loan insurance corporation as fixed by an act of congress; or in savings accounts in any other *Page 313 
institution within or without the state, to the extent to which such accounts now are, or may hereafter be, insured by the federal savings and loan insurance corporation, under acts of congress of the United States now in effect or which may hereafter be enacted is lawful.
"(2) The legality of such investment shall not be impugned, whether the person, firm, or corporation or association, board, or commission, making the same be foreign or domestic; or whether such investment be made from capital, reserves, or surplus; or whether made in a fiduciary or other capacity." (Emphasis added.)
Section 34.01 (3), Stats., defines "public depositor" as "the state or any county, city, village, town, drainage district, power district, school district, sewer district, or any commission, committee, board or officer of any governmental subdivision of the state or any court of this state which deposits any moneys in a public depository."
Section 34.05 (1), Stats., provides:
"34.05 Designation of public depositories. (1) The governing board of each public depositor shall, by resolution, certified copy of which shall be filed with the commissioner of banking, designate one or more banks, banking institutions, or trust companies, organized and doing business under the Wisconsin or United States laws, located in Wisconsin, which have been approved by the commissioner of banking as qualified to become public depositories, in which the treasurer of such governing board shall deposit all public moneys coming into his hands. A designation of a public depository by the governing board shall be a designation of such public depository for all treasurers of such governing board and for all public depositors for which each such treasurer shall act."
Section 34.05 (3), Stats., provides:
"(3) Every treasurer shall deposit immediately upon receipt thereof the funds received by him by virtue of his office in the name of the municipality in the public depository or public depositories designated by the governing board."
"Public depository" is defined in sec. 34.01 (2), Stats., as a "state bank, savings and trust company, mutual savings bank, or national bank in this state which receives or holds any public deposits." *Page 314 
Therefore, a savings and loan association is not a "public depository" within the meaning of ch. 34.
Section 66.04 (2), Stats., provides:
"(2) INVESTMENTS. Any county, city, village, town, school district, drainage district, vocational, technical and adult education district, or other governing board as defined by s.34.01 (4) may invest any of its funds, not immediately needed, in time deposits in any bank, savings bank or trust company which is authorized to transact business in this state, such time deposits maturing in not more than one year, or in bonds or securities issued or guaranteed as to principal and interest of the U.S. government, or of a commission, board or other instrumentality of the U.S. government, or bonds or securities of any county, city, drainage district, vocational, technical and adult education district, village, town or school district of this state, or in the case of a town, city or village in any bonds or securities issued under the authority of such municipality, whether the same create a general municipality liability or a liability of the property owners of such municipality for special improvements made therein, and may sell or hypothecate the same. Cemetery perpetual care funds, pension funds under s. 62.13 (9) or (10), or endowment funds including gifts where the principal is to be kept intact may also be invested under ch. 881."
It is also clear, therefore, that a savings and loan association is not a "bank, savings bank or trust company" within the meaning of sec. 66.04 (2), Stats.
With respect to counties, there are special statutory provisions in sec. 59.74 and sec. 59.75, Stats., which deal with the designation of depositories and the funds to be placed in depositories.
Statutes must be construed together and harmonized. Pruitt v.State (1962), 16 Wis.2d 169, 114 N.W.2d 148. Conflicts between statutes are not favored and will not be held to exist if they may otherwise be reasonably construed. Raisanen v. City ofMilwaukee (1967), 35 Wis.2d 504, 151 N.W.2d 129.
I find no conflict between sec. 219.05 (1), Stats., and the other statutory provisions referred to above. Your question indicates primary concern as to whether the public funds of municipalities, such as counties, cities, towns and villages, may be invested in *Page 315 
savings and loan associations under sec. 219.05 (1), Stats. My conclusion is that such funds may properly be so invested in savings and loan associations to the extent permitted by that statute. This is largely a discretionary matter with the governing body of the municipality concerned. The statutes cited above dealing with public depositories, of course, must be complied with, but this does not necessarily prohibit the governing body, when sufficient funds are available for investment purposes, from taking advantage of the provisions of sec. 219.05 (1), Stats., whenever it determines that such an investment would be in the public interest. It probably deserves mentioning that there are other considerations affecting these governing bodies. The unnecessary accumulation of money in the public treasury is unjust to the people and it is against the policy of the law to raise taxes faster than they are likely to be needed. A governing body is not authorized to make levies to accumulate a fund for some project to be developed at some indefinite future time. Levies for such indefinite purposes are condemned for the reason that the unnecessary accumulation of money in the public treasury is unjust to the people, in that it deprives them of the use of their money for a period of time in that the accumulation of money in excess of needs furnishes a temptation to those in charge to expend public funds recklessly and more than is needed. Immega v. Elkhorn (1948), 253 Wis. 282,288, 34 N.W.2d 101. Nevertheless, it is probable that public funds are available for investment in most municipalities. Earmarked surplus funds, lawfully appropriated, are generally available for investment. Other funds not immediately needed are also available for investment. The legislature has provided that a municipality may invest any of its funds, not immediately needed, in certain types of investment. Included among these are the investments authorized by sec. 219.05 (1), Stats.
RWW:JEA