DARWIN L. ZWIEG, District Attorney Clark County
You request my opinion with respect to the respective powers of the county board of supervisors and one of its committees to which it has delegated power to establish, protect, develop and manage county forests. In November 1958, the county board adopted a county forestry ordinance which purported to delegate certain county powers and duties described in chapters 26, 28, 29, 59 and 77, Stats., to a committee of the board entitled the Forestry and Parks Committee. The ordinance has been amended over the years to grant additional powers. Among the powers are:
Section IV
Powers and Duties of the Committee
. . . .
 5. Purchase, acquire, sell, trade or dispose of instruments, tools, equipment and supplies required for the operation of the forest and parks. Items costing more than one thousand dollars ($1000) shall be purchased by competitive bid according to Section 59.08 of the Wisconsin Statutes. The County Board has authorized the Committee to purchase up to ten thousand dollars ($10,000) without County Board approval.
 14. Sell timber stumpage in accordance with a county forest management plan in cooperation with the Department of Natural Resources.
. . . .
 15. Establish, construct and maintain wherever desirable within the forest, picnic grounds, waysides, camps and campsites, public access roads and boat landings, scenic areas, nature *Page 57 
trails and designate, mark and preserve places of natural or historic interest and significance.
. . . .
 18. Do special forest or recreation development work on other public lands not included in the county forests, including such lands as school forests, community forests, county parks, watersheds, reduction of hazards, public highways and similar projects under the County Forestry Fund as set up in Section VI thereof.
Section V
Forest Crop Law Administration
After the Forest Crop Law applications for entry have been prepared and approved by the Committee, the County Clerk shall, after verifying county ownership of the listed lands, execute the applications and forward them to the Department of Natural Resources within the date limits prescribed by the Department of Natural Resources for each year's applications. Withdrawal of lands entered under the County Forest Law shall be in the manner prescribed by Section 28.11 (11) of the Wisconsin Statutes. No deed to any description of Forest Crop Land shall be issued prior to recording of an order of withdrawal with the Register of Deeds.
Section VI
Forest Finances
 1. All allotments from the State of Wisconsin, Department of Natural Resources, to Clark County under Section 28.14 of the Wisconsin Statutes, for the purchase, development, preservation and maintenance of the county forest, shall be deposited in the State Aid Forestry Fund. Income from the sale of lands or equipment purchased with state aid funds shall be restored to this fund. All unexpended funds shall be nonlapsing.
 2. All monies received from the sale of timber stumpage, cut forest products, fees and use permits, sale of building materials, sale of surplus materials, and equipment, or other revenue received by the Committee, except income specified in Paragraph 1 of this Section, shall be deposited in the County Forestry Fund and expended for the purposes covered by this Ordinance and designated by the Committee. *Page 58 
 3. All monies appropriated for purposes under section V, paragraph 17, shall be deposited in the County Forest or Parks Fund.
 SECTION VII
 County Forest Use Regulations
A. Recreational Use
 1. The Committee may designate suitable areas for forest parks, campsites and picnic grounds, and boat access and is authorized to provide needed conveniences, including wells, and sanitary facilities. Such areas shall be for public use as prescribed by the Committee.
 2. No miscellaneous lot leases will be issued nor transferred and those now present will be terminated at the death of the owner. (County Board proceedings, March 4, 1965.)
 3. Any cabin permit may be revoked at any time without reimbursement of fees when the permittee or any member of his family or guest shall have been convicted of violation of the state game laws or forest fire laws or of the regulations herein provided and rules of good conduct. All permits issued for the use of cabins shall contain clauses that the permittee shall remove any buildings erected by him by April 15 of the year following revocation or failure to renew any permit, and that whenever any buildings not so removed by April 15 shall become the property of the county and the Committee may dispose of such buildings.
The committee apparently previously had power to lease county owned lands. You state that over the years about $300,000 had been accumulated in the Forestry and Parks account which you describe as an undesignated balance account. The moneys had largely resulted from the sale of county owned lot leases. Another Ordinance No. 2.08.200 in effect in August 1985 reaffirmed the broad powers set forth in the forestry ordinance and amendments and provided that the committee could lease forest and park lands.
 A. This committee shall have all of the power set forth in the forestry ordinance and amendments thereto and shall have charge and supervision of all county forests, parks, dams and recreational areas. This committee shall have the power to lease and let county forest and parks land, lay out, improve, maintain *Page 59 
and govern all such parks and recreational areas including the right to establish roadways, camping sites, beaches, parking areas, and any other improvements deemed in the public interest; and to make rules for the regulation of the use and enjoyment thereof by the public subject to the Wisconsin Statutes or county board resolutions. This committee shall have charge of all accounts and accounting under the forestry ordinance and park regulations, and shall audit all claims under these departments. This committee shall prepare and present to the finance committee before the fall session of the county board a budget covering the estimated expenses for the operation and maintenance of the forests and parks and upon approval of such budget by the county board shall have the power to expend such funds.
 B. This committee shall prepare and present to the board plans for such projects as are requested of them by the county board or are in the judgment of the committee to the best interest of the county. After any plans are adopted by the county board on any projects, the plans shall be carried out by the committee as directed by the board. This committee shall have charge of all lands now owned or later acquired by Clark County outside the zoned area and are not under the jurisdiction of any other committee and shall classify such lands as to agricultural, grazing and forestry. In making such classification the county clerk, county treasurer, county agricultural agent and chairperson of the municipality or his/her designee in which the lands are located shall be consulted. As to agricultural and grazing lands or other property this committee shall recommend to the county board the price at which such lands or other property is to be sold.
(Emphasis added.)
The committee offered a resolution to transfer the sum of $300,000 from the Forestry and Parks account to the Parks Outlay account. Some amount, estimated at from $125,000 to $175,000 would "be applied to the purchase and construction of waterslide facilities at a site to be approved at a regular session of the Clark County Board." Resolution No. 21-8-85. The vote was 17 Yes and 12 No and the measure was announced as having failed. You had advised and the chair ruled that a two-thirds vote of the entire membership was necessary. *Page 60 
Your first question is whether the county can maintain a large account such as the "Forestry and Parks undesignated balance account."
It probably can. It does not appear to be wholly undesignated. This opinion assumes that the fund is deposited with the county treasurer. On the basis of Immega v. Elkhorn, 253 Wis. 282,34 N.W.2d 101 (1948), it was stated in 46 Op. Att'y Gen. 230 (1957) that county boards do not have authority to tax for the purpose of accumulating surpluses and that a surplus remaining in the treasury at the end of the year should be applied toward the following year's budget. In 62 Op. Att'y Gen. 312, 315 (1973), it was stated that the "unnecessary accumulation of money in the public treasury is unjust to the people . . . ." One matter a court would be urged to consider in a proper case is whether the accumulation was necessary. However, in Appleton v. OutagamieCounty, 197 Wis. 4, 220 N.W. 393 (1928), it was stated that the amount to be appropriated for a given purpose and the amount to be levied are matters within the province of the county board. The court said that any remedy is political and not judicial and courts will not attempt to ascertain what sum is in fact needed and limit the levy to that amount. In Blue Top Motel, Inc. v.City of Stevens Pt., 107 Wis.2d 393, 399, 320 N.W.2d 172 (1982), it was stated: "Taken together, Immega and Fiore establish generally that a city may retain funds to meet its needs, but may not simply carry a large surplus which has not been designated for any particular use." See also Barth v. Monroe Board ofEducation, 108 Wis.2d 511, 322 N.W.2d 694 (1982). I do not view the County Forestry Ordinance enacted in 1958 and thereafter amended to be a sufficient vehicle to reappropriate moneys received from sale of leases to the Forestry and Parks Department for all years since 1958. The ordinance does provide, "shall be deposited in the County Forestry Fund and expended for the purposes covered by this Ordinance and designated by the Committee" (Section VI, Par. 2). In my view some language of appropriation would have to be included in the county budget for each year. You may wish to examine the budgets adopted for those years. It is possible that the accumulation in your county is distinguishable from the situation discussed in 47 Op. Att'y Gen. 69 (1958). Here, the funds were accumulated from the sale of leases of forestry lands. It would be proper for a county board to reappropriate such funds for general operations of the Forestry and Parks Department or for special *Page 61 
projects related thereto. It appears that the county may have designated the fund for purposes of forestry and park development.
Your second question is whether the resolution to utilize the money to purchase and construct a water slide facility required a two-thirds vote of the entire membership. If the funds had been appropriated to the department in an annual budget I am of the opinion that a two-thirds vote was required under section 65.90
(5)(a) which provides in part:
 Except as provided in par. (b) and except for alterations made pursuant to a hearing under sub. (4), the amount of tax to be levied or certified, the amounts of the various appropriations and the purposes for such appropriations stated in a budget required under sub. (1) may not be changed unless authorized by a vote of two-thirds of the entire membership of the governing body of the municipality.
Your last question is whether the Forestry and Parks Department could enter into a lease agreement at something under $10,000 per year for ten years with the option to purchase at the end of the lease period.
The answer is no. The county board has not delegated such power to the committee. The project would fall within the provisions in paragraph B of Ordinance 2.08.200. The project is of a major nature and falls within language "This committee shall prepare and present to the board plans for such projects as are . . . in the judgment of the committee to the best interest of the county. After any plans are adopted by the county board on any projects, the plans shall be carried out by the committee as directed by the board." The plans for the waterslide were not adopted by the county board. The resolution which would have authorized the committee to proceed with the waterslide project was part and parcel of the resolution which would have changed the purpose of the appropriation. Although section 59.02 (2) provides that "Ordinances and resolutions may be adopted by a majority vote of a quorum or by such larger vote as may be required by law," section 65.90 (5)(a) required a two-thirds vote of the entire membership in this case.
BCL:RJV *Page 62