TOM LOFTUS, Chairperson Assembly Organization Committee
You ask whether local units of government may lawfully create and accumulate unappropriated surplus funds.
In my opinion, local units of government may not lawfully create and accumulate such surplus funds. However, local units of government may maintain reasonable amounts necessary in the exercise of sound business principles to meet their immediate cash flow needs during the current budgetary period or to accumulate needed capital in non-lapsing funds to finance specifically identified future capital expenditures.
Although various statutory restrictions may impact upon the handling of surplus monies by local units of government, the prohibition upon the creation and accumulation of such surplus funds is primarily of constitutional origin: "Wisconsin Constitution art. VIII, § 5 restricts the state from levying taxes to create a surplus having no public purpose. Although the constitutional provision does not apply directly to municipalities, the same limitation applies [indirectly to them] . . . because the state cannot delegate more power than it has . . . ." Barth v. Monroe Board of Education, 108 Wis.2d 511,514-15, 322 N.W.2d 694 (Ct.App. 1982). Furthermore, while it is true that cities and villages are municipal corporations that have broad home rule powers under article XI, section 1 of the Wisconsin Constitution and section 62.11 (5), Stats., they are subject to the same surplus prohibition as the state under the public purpose doctrine. 74 Op. Att'y Gen. 25, 27 (1985); seeBarth, 108 Wis.2d at 520.
Your question no doubt arises because of the supreme court's construction of this prohibition in Immega v. Elkhorn,253 Wis. 282, *Page 78 34 N.W.2d 101 (1948), a case in which a county board attempted to set aside funds for future use in building a new courthouse but made no specific appropriation toward courthouse construction or toward a bond issue for such construction. The Wisconsin Supreme Court held that it was not appropriate to levy a tax to enrich the public treasury or to create a surplus, or to accumulate funds in substantial amounts for contingencies which might never occur.
The holding in Immega was first qualified in Fiore v. Madison,264 Wis. 482, 486, 59 N.W.2d 460 (1953), where the court held that, even with respect to an unallocated cash or similar liquid surplus, "the last cent need not be devoted to reduction of taxes in aid of the budget. Ordinary business principles, which city government is neither required by law nor expected to disregard, permit the retention of reasonable working cash balances in the city treasury." The court also upheld a city's authority to transfer substantial amounts of money from the general fund and the municipal reserve fund into a non-lapsing city-county building reserve fund pursuant to a statute permitting such funds to accumulate from year to year. The court noted that once such funds were transferred, they ceased to be part of an unallocated surplus which could be used to defray budgetary costs and reduce taxes. Fiore, 264 Wis. at 486. After Fiore, the principle to be distilled from the case law is that "[t]aken together, Immega andFiore establish generally that a city [or other local unit of government] may retain funds to meet its needs, but may not simply carry a large surplus which has not been designated for any particular use." Blue Top Motel, Inc. v. City of Stevens Pt.,107 Wis.2d 392, 399, 320 N.W.2d 172 (1982). See also, 62 Op. Att'y Gen. 312, 315 (1973); 46 Op. Att'y Gen. 230, 231 (1957); 37 Op. Att'y Gen. 586 (1948); 34 Op. Att'y Gen. 345 (1945).
In Barth, 108 Wis.2d at 520, the court of appeals indicated that "[i]t is possible that a sinking fund dedicated to all current and future capital expenditures without relation to specific capital projects has so little public purpose that it violates the prohibition against taxing for purposes other than a public purpose." However, the court saw no need to decide the issue because the monies in question had been allocated by their transfer to a swimming pool sinking fund before suit was filed. With respect to the deference to be accorded a local unit of government's handling of surplus monies, the court did, however, make the following comments: *Page 79 
 In this era of tight tax dollars, the risk that school districts will overuse a power to tax to accumulate funds for future capital expenditures is small. The legislature has endeavored to give municipalities the power to run local affairs in the manner sound businesses are run. In those situations where sound business judgment would accumulate capital to finance a capital expenditure rather than financing the expenditure by incurring debt, our construction permits the school district to follow sound business practice. Barth's construction would unjustifiably restrict the school district from engaging in a sound practice.
Barth, 108 Wis.2d at 518.
Based upon the holdings in Barth, Blue Top Motel, Fiore andImmega, I conclude that a local unit of government may not lawfully create and accumulate unappropriated surplus funds.
DJH:FTC *Page 80